**Robert DREW, Jr., Appellant,**

v.

**Beatrice DREW, Appellee.**

**No. 3113.**

Municipal Court of Appeals for the District of Columbia.

Submitted Oct. 15, 1962.

Decided Nov. 27, 1962.

William A. Tinney, Jr., Washington, D. C., for appellant.

Dorsey Evans, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

The mother brought this action for the support of a four-year-old child. Defendant having failed to answer the complaint, a default was entered against him and he was ordered to make weekly payments for the support of the child. He then filed a motion to vacate the judgment on the ground that the court had no jurisdiction over the matter.[1] The motion was denied and he appeals.

The defendant contends that the court lacked jurisdiction for the following reasons: the parties were never married; there is no finding that the child was born while the parties were married; the defendant has not acknowledged paternity under oath; no court has ever determined the defendant to be the father of the child; the child is at best the product of a "living together"; the child "was born out of wedlock, and accordingly, no duty of support can be enforced or determined against the defendant. * * *"

4. Jones v. Board of Control, Fla., 131 So.2d 713; People v. Salmon, 148 Cal. 303, 83 P. 42, 2 L.R.A.,N.S., 1186.

1. A previous motion to dismiss the complaint on the same ground was also denied.

A few weeks ago we went into this general situation, and held that the Domestic Relations Branch had jurisdiction to compel a father to support an illegitimate child. Johnson v. Johnson, D.C.Mun.App., 183 A. 2d 916. That decision is dispositive of the jurisdictional question here presented.

The defendant was clearly in default and neither in the trial court nor here has he attempted to explain such default. We would have no basis for holding that he was entitled to have the judgment set aside.

Affirmed.

HOOD, Chief Judge (dissenting).

In Johnson v. Johnson, D.C.Mun.App., 183 A.2d 916, I dissented because, for reasons there stated, I was of the opinion that the Domestic Relations Branch of the Municipal Court has no jurisdiction to compel a father to support his illegitimate children even though in open court he acknowledges their paternity. In the present case, the court flatly rules, without any qualification, that the Domestic Relations Branch has jurisdiction to compel a father to support an illegitimate child. I think the decision is plainly wrong.