David TURNER, Appellant,

v.

Madeline NELSON, Appellee.

No. 3108.

Municipal Court of ·Appeals for the District of Columbia.

Submitted Nov. 13, 1962.

Decided Nov. 28, 1962.

———◆———

A. Lillian C. Kennedy, Washington, D. C., for appellant.

Catherine U. Welch, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

 The sole question on this appeal is whether the Domestic Relations Branch has jurisdiction over actions to provide support for minor children born out of wedlock where the natural father has acknowledged paternity. Appellant father challenges the jurisdiction and alleges that the power to fix responsibility for support of such children is solely in the Juvenile Court. Code 1961, 11–901 et seq.

■ This precise question was determined by this Court in Johnson v. Johnson, D.C.Mun.App., 183 A.2d 916, p. 919, wherein we held that:

> "* * * that part of the Juvenile Court Act which established procedures to determine parentage in order to insure support for an unacknowledged illegitimate child, did not pre-empt the jurisdiction of the Domestic Relations Branch over a suit by or on behalf of an acknowledged (though illegitimate) child against his natural father."

In the same case, however, we ruled that the Court lacked power to sentence a natural father for contempt because he did not have the status of *husband* and his disobedience of the support order, though contemptuous, may not be punished by imprisonment. This prohibition does not extend to entry of a judgment against him for arrears in support which he has failed to pay.

Upon authority of the Johnson case, supra, the order of the trial court entered February 27, 1962, denying the motion to vacate the order of May 4, 1961, holding appellant in contempt and granting judgment against him for arrears of $190.00 is

Affirmed.

HOOD, Chief Judge (dissenting).

I dissent for the reasons stated in my dissent in Johnson v. Johnson, D.C.Mun.App., 183 A.2d 916.