John Wesley LYONS, Jr., Appellant,

v.

Catherine D. ADERHOLT, Appellee.

No. 3155.

District of Columbia Court of Appeals.

Submitted Feb. 25, 1963.

Decided March 21, 1963.

---

those where parentage must first be determined, and said that in such proceedings, quasi-criminal in some of their aspects, jurisdiction lies exclusively in the Juvenile Court. But we held that the Domestic Relations Branch of the trial court still had jurisdiction over a suit brought by or on behalf of an acknowledged (though illegitimate) child against his natural father.

The facts of this case do not set it apart from those above, in which we have stated the jurisdictional tests to be applied. The situation here is not changed by the circumstance that defendant had already been ordered to support his children by the Juvenile Court, or by the fact that that Court later vacated its support order. As the statement of proceedings recites, "Defendant suffered no harm by this."

We have reviewed the record in the light of appellant's contention that he was entitled to have his default set aside on the ground of excusable neglect. The record does not support this contention.

Regarding appellant's claim that the award was excessive or beyond his means to comply with, we note that support orders are subject to re-examination and revision upon a proper showing.

Affirmed.

Denis K. Lane, Washington, D. C., for appellant.

William C. Darden, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Judge.

In the trial court plaintiff filed a complaint seeking an order requiring defendant to pay support money for two infant children born out of wedlock, whose paternity he had admitted. Defendant defaulted, and after hearing plaintiff's testimony on the merits a support order was entered. Defendant filed a motion for rehearing, and after argument such motion was denied. The case is here on defendant's appeal.

The first contention is that the Court of General Sessions had no jurisdiction. We have dealt with this contention a number of times. Turner v. Nelson, D.C.Mun.App., 186 A.2d 230; Drew v. Drew, D.C.Mun. App., 185 A.2d 728; Johnson v. Johnson, D.C.Mun.App., 183 A.2d 916; Barrett v. Koppen, D.C.Mun.App., 154 A.2d 132. Those decisions have made clear our position that the Domestic Relations Branch of the trial court has jurisdiction in cases like this, where paternity is admitted. We distinguished this type of proceeding from

HOOD, Chief Judge (dissenting).

I dissent for the same reasons that I dissented in Johnson v. Johnson, D.C.Mun. App., 183 A.2d 916, Drew v. Drew, D.C. Mun.App., 185 A.2d 728, and Turner v. Nelson, D.C.Mun.App., 186 A.2d 230. In the Johnson case a petition for allowance of an appeal was granted by the United States Court of Appeals for the District of Columbia Circuit, and the appeal is now pending in that court.