Evelyn V. TAYLOR, as next friend of
Yolanda Cheree Taylor, Appellant,

v.

Bradford A. JOHNSON, Jr., Appellee.

No. 5053.

District of Columbia Court of Appeals.

Submitted Jan. 19, 1970.

Decided March 6, 1970.

————◆————

Robert A. Harris, Washington, D. C., for appellant.

No appearance for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

Appellant (the mother) brought this action in the Domestic Relations Branch of the District of Columbia Court of General Sessions against appellee (the putative father) for support and maintenance of her minor child. The putative father was personally served with process but did not answer, and a default was entered against him. Following a hearing for ex parte proof, the trial court dismissed the mother's complaint because it found

> * * * that the [mother] and [putative father] were never married and [the mother] failed to establish by competent evidence that the [putative father] has been held by a Court to be the father of the child and there is an absence of any written evidence that the [putative father] had admitted the paternity of the child herein; the [mother's] testimony that [the putative father] "admitted to her that he was the father of the child," is insufficient to warrant this Court in making a finding in the [mother's] favor.[1]

The mother appeals from the dismissal of the complaint; the putative father did not appear and the appeal was submitted.

The issue in this case is whether or not the court erred by requiring the mother to produce evidence to warrant the court's making a finding of paternity in her favor and, she having failed that, by dismissing her complaint. After thorough consideration, we hold that the trial court erred, and we reverse with instructions to reinstate the complaint[2] and set the cause for ex parte proof.[3]

1. Taylor v. Johnson, Civil Action No. D–801–'69 (D.C.Gen.Sess., filed June 1, 1969).

2. The Domestic Relations Branch has jurisdiction to compel a father to support an illegitimate child where paternity is not in dispute. Johnson v. Johnson, 117

U.S.App.D.C. 6, 324 F.2d 884 (1963) (admission by answer); Drew v. Drew, D.C. Mun.App., 185 A.2d 728 (1962) (admission by default).

3. G.S.Dom.Rel. Rule 6(c) provides:
DEFAULT. In any domestic relations case, not involving divorce, annul-

Since the putative father failed to plead or otherwise defend, although properly served with process, the mother, upon her filing of an affidavit in support, was entitled to an entry of default by the Clerk.[4] The effect of the entry of default is the admission of the truth of the well pleaded allegations of the complaint. Anderson v. Gallman, D.C.Mun.App., 99 A.2d 560 (1953); G.S.Dom.Rel. Rule I; G.S.Civil Rule 8(d). One of the allegations of the complaint was "That the minor child, Yolanda Cheree Taylor, is the daughter of the defendant [appellee], Bradford A. Johnson, Jr., having been born on January 9, 1969, and said minor has been acknowledged by the defendant as his natural born child." The default established this allegation as a fact which did not require further proof.

Since it appeared from the record that the entry of default was proper, the taking of ex parte proof should have been limited to the amount of support to be awarded.[5]

Reversed and remanded with instructions.

HOOD, Chief Judge (concurring).

I concur only because of the previous opinions of this court in Johnson v. Johnson, D.C.Mun.App., 183 A.2d 916 (1962), and Drew v. Drew, D.C.Mun.App., 185 A.2d 728 (1962). In both cases I dissented. The *Johnson* case was affirmed in 117 U.S.App.D.C. 6, 324 F.2d 884 (1963), but in affirming the United States Court of Appeals stated:

> Our decision today holds that in cases *where the natural father acknowledges paternity* illegitimate children are entitled to the civil remedies for support available in the Domestic Relations Branch of the Court of General Sessions. * * * (Emphasis added.) 117 U.S.App.D.C. at 11, 324 F.2d at 889.

I seriously doubt that failure to answer a complaint such as filed here constitutes an "acknowledgment" of paternity. In the Juvenile Court acknowledgment must be "in open court". D.C.Code 1967, § 16–2349. The effect of today's decision is that the trial court acquired jurisdiction of the subject matter because appellee defaulted in answering. To me this is a strange ruling, but it is in accord with the decision in *Drew* and I am compelled to concur.

---

ment, or custody of minor children, where the defendant has failed to plead or otherwise defend the action, although duly served with summons and copy of complaint, the plaintiff shall be entitled to an entry of default by the Clerk upon the filing of an affidavit in support of same, and thereafter the cause shall be set for hearing ex parte.

4. *Id.*

5. *See* 3 Barron and Holtzoff, Federal Practice and Procedure § 1216 at 85 (1958).