Louis Otten, J.
In this proceeding under the Uniform Support of Dependents Law (Domestic Relations Law, art. 3A), petitioner seeks support of an out-of-wedlock child. Respondent denies paternity. Petitioner has submitted a photocopy of an ‘ ‘ Acknowledgment of Paternity ’ ’ purportedly signed by respondent under date of September 11, 1970 — not a verified statement.
Subdivision 5 of section 33 of the Domestic Relations Law reads: ‘ ‘ The natural parents of a child born out of wedlock *1097 shall be severally liable for the support of such child, but the liability of the natural father shall not be enforceable unless he has been 'adjudicated to be the child’s father by a court of competent jurisdiction, or he has acknowledged or shall acknowledge paternity of the child in open court or by a verified written statement.”
Although no reported cases on the subject have been found, it seems clear that the adjudication referred to in the statute may not be made in the Uniform Support of Dependents Law proceeding. Before such a proceeding may be sustained, absent the required acknowledgment, paternity must be established in a proceeding under article 5 of the Family Court Act.
Accordingly, this proceeding is dismissed without prejudice to petitioner’s right to prosecute a paternity proceeding in accordance with article 5 of the Family Court Act, and, if paternity shall be adjudicated in such proceeding, to claim .support therein or in a proceeding under the Uniform Support of Dependents Law.