OPINION OF THE COURT
Richard D. Huttner, J.
In this proceeding under the Uniform Support of Dependents Law, article 3A of the Domestic Relations Law, the respondent moved to dismiss the petition contending that the Family Court does not have jurisdiction to enter an order of support. The petition seeks support for the infant Julia F, a child born out of wedlock on August 22, 1978 to respondent’s former wife, the petitioner herein. The respondent denies he is the father of the child who was born almost two years after the parties were divorced.
Pursuant to subdivision 5 of section 33 of the Domestic Relations Law, the natural parents of a child born out of wedlock are liable for the support of the child. However, the obligation is not enforceable against a putative father who has not first been adjudicated to be the father of the child by a court of competent jurisdiction or has not acknowledged paternity in a verified written statement or in open court.
Absent the above this court is without authority to enter an order of support for the benefit of a child born out of wedlock. *335 (Matter of Gloria M. v Frank T., 66 Misc 2d 1096; see, also, Matter of Johnson v Berger, 51 Misc 2d 513.) Article 3A of the Domestic Relations Law does not afford the parties with the appropriate procedural mechanism to adjudicate the issue of paternity.
One of the critical factors in a paternity proceeding is the credibility of the parties. (See Matter of Gail O. v Van Randolph P., 60 AD2d 944; Matter of Morris v Terry K., 60 AD2d 728.) The complexity of the issues presented in a paternity proceeding coupled with the burden of proof of "clear and convincing evidence to the point of entire satisfaction” does not lend itself to a trial on paper as is required by the Uniform Support of Dependents Law. Such a proceeding would deny the court the opportunity to assess the credibility of witnesses at an evidentiary hearing by denying the respondent any meaningful right of cross-examination.
Accordingly, the petition is dismissed without prejudice to renew upon presentation to the court of proofs pursuant to subdivision 5 of section 33 of the Domestic Relations Law. The petitioner, if she is so inclined, may proceed under article 5 of the Family Court Act.