*809 OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a proceeding brought pursuant to the Uniform Support of Dependents Law, adopted as article 3-A of the New York State Domestic Relations Law, and Connecticut’s Uniform Reciprocal Enforcement of Support Act. The proceeding is brought to secure support for an out-of-wedlock child from the alleged natural father, the respondent herein.
The child and her mother reside in Connecticut. The father resides in New York and is subject to the personal jurisdiction of the Family Court of Oneida County. The petitioner mother initiated this proceeding in Connecticut, and we take jurisdiction over respondent pursuant to the Uniform Support of Dependents Law as the responding State.
The summons and petition were served on respondent in New York. Respondent does not deny personal jurisdiction but does deny the allegations of paternity alleged in the petition.
Various hearings have been held, and interrogatories propounded to both parties. Respondent moved to dismiss the proceedings, contending that paternity has not been established against him and that the establishment of paternity against him is a prerequisite to such a uniform support of dependents proceeding. Further, he contends that paternity cannot be established in a uniform support of dependents proceeding.
LAW
I
The purpose of the uniform support of dependents proceeding is to secure support in a civil proceeding for certain dependent persons, from persons legally responsible for their support. (Domestic Relations Law, § 30.)
The legal responsibility for support is dependent upon the relationship between the parties. Section 32 of the Domestic Relations Law specifies those persons who are liable for the support of certain named dependents.
A uniform support of dependents proceeding must be predicated upon the existence of such a qualifying relationship. If a qualifying relationship has first been established, then a uniform support of dependents proceeding may be instituted to seek support from the responsible relative. However, a uni *810 form support of dependents proceeding cannot be used to establish such a relationship. (Domestic Relations Law, § 34; seej also, Matter of Gloria M. v Frank T., 66 Misc 2d 1096.)
The statute is specific with respect to the liability of the natural father of an out-of-wedlock child: "The natural parents of a child born out of wedlock shall be severally liable for the support of such child, but the liability of the natural father shall not be enforceable unless he has been adjudicated to be the child’s father by a court of competent jurisdiction, or has acknowledged or shall acknowledge paternity of the child in open court or by a veriñed written statement.” (Emphasis supplied; Domestic Relations Law, § 33, subd 5.)
Thus, the statute provides three alternative requirements, at least one of which must be met before a uniform support of dependents proceeding can result in a support order against such a father.
Petitioner contends that the present petition falls within the purview of the third alternative, i.e., "A verified written statement.” Petitioner alleges that the respondent signed a written "affidavit of parentage” which affidavit is sufficient under subdivision 5 of section 33 of the Domestic Relations Law, or which, in the alternative, should be treated as a judgment of a Connecticut court. Respondent acknowledges, in this court, that he, in fact, signed the affidavit. However, he alleges that the affidavit is insufficient to render him liable for the support of the subject child on two grounds: (1) The affidavit is not veriñed under New York Law, and (2) The affidavit was signed under false pretenses and is the result of coercion.
II
If there had been an adjudication of paternity by a court with competent jurisdiction, we would then be precluded from looking behind the judgment and we would be required to give full faith and credit to that judgment of our sister State. New York must recognize the validly rendered judgments of our sister States. (US Const, art IV, § I.) Validly here means with jurisdiction. Any error in the rendering State is irrelevant and is not a ground for refusing recognition of the judgment (Fauntleroy v Lum, 210 US 230). New York’s inquiry would be limited to the question of the jurisdiction of the rendering State. (Williams v North Carolina, 317 US 287.)
*811 In the present matter, there is no judgment of paternity by any court. Respondent contends, however, that a Connecticut statute requires that this "affidavit” be treated as if it were a judgment. That statute provides: "(a) In lieu of or in conclusion of a proceeding under Section 46b-160, the written acknowledgement of paternity executed by the putative father of the child when accompanied by a written affirmation of paternity executed and sworn to by the mother of the child and filed with the superior court for the geographical area in which the mother of the child or the putative father resides shall have the same force and effect as a judgment of that court”. (Emphasis supplied; Conn Family Law, Conn Gen Stat Ann, § 46b-172.)
However, the "affidavit” executed by the respondent does not fall within the purview of the above section on two grounds: (1) The affidavit of parentage executed by respondent is not an acknowledgment under Connecticut law. The above statute specifies that the father had signed an acknowledgment. Even within the statute, a distinction is made between the father, who is required to sign an acknowledgment; and the mother, who is required to sign an affirmation in order that the document when filed be deemed a judgment.
Acknowledgment is a term of art for the definition of which we must look to Connecticut law. The Connecticut manual for notary publics issued by the office of the Secretary of State provides: "An acknowledgment is a formal declaration before an authorized official by the person who executed an instrument that such instrument is his free act and deed.”
"The usual acknowledgment form states that the signer of the instrument personally appeared before the notary and acknowledged the instrument to be his free act and deed. Each one of these claims then should be fulfilled:
"1.) The signer must personally appear before the notary, and
"2.) Must acknowledge that he signed the instrument in question, and
"3.) That it is his free act and deed.
"The taking of affidavits and the taking of an acknowledgment should be distinguished. In the former, the emphasis is on the oath as to the veracity of the statements in the document while in the latter the emphasis is upon the fact *812 that the act is the free act and deed of the signer and the verification of his identity.” (p 6.)
The affidavit signed by respondent merely provides at the conclusion:
"Sworn to and subscribed to before me at on this 18th day of February 1976.
Notary Public
This does not conform to the requirements of an acknowledgment under Connecticut law, and thus is not entitled to the same force and effect as a judgment of a Connecticut court pursuant to section 46b-172. Since the acknowledgment of paternity is so serious a matter, we must construe this statute strictly.
(2) In addition, there is no written affirmation of paternity executed by the mother which is also a requirement of the above-quoted Connecticut statute.
Ill
Since this petition is not predicated upon a judgment of paternity, we are not precluded from looking behind the "affidavit” upon which it is predicated.
We find that the affidavit is not a verified statement as required by section 33 of the Domestic Relations Law. The verified written statement of a natural father acknowledging paternity, as required by section 33 of the Domestic Relations Law, means one in which the true correctness or authenticity of such written statement is verified by the affidavit, oath or deposition of such natural father. (1967 Opns Atty Gen 58.)
Having already quoted the affidavit, we will not again do so. We find the document to be insufficient to pass muster under this definition.
Respondent alleges the document was signed under fraud and duress. This creates a question of fact as to the validity of the document. Again, if there had been judgment based upon the document, respondent’s remedy would be to seek to reopen the judgment in Connecticut. However, there is no judgment of paternity against the respondent. In addition, since a written verified statement would be a necessary requisite to bringing this uniform support of dependents proceeding, and since we have found that there is no proper verified statement, the respondent’s liability for support has not been established sufficiently.
*813 We feel that the proper remedy for the petitioner in this case would be to bring a paternity proceeding in either Connecticut or New York. If petitioner were to be successful in establishing respondent’s paternity in Connecticut, we would then be compelled to give full faith and credit to that judgment. Respondent’s remedy at that point would be in the Connecticut courts.
IV
Although we have decided this matter on other grounds, we feel constrained to note a procedural defect in the proceedings which would require us to dismiss this petition. Section 37 of the Domestic Relations Law outlines the procedures to be followed in a uniform support of dependents proceeding. Subdivision 7 provides: "Upon receipt by the judge of the court in the initiating state of such transcript, such court shall take such proof, including the testimony of the petitioner and the petitioner’s witnesses and such other evidence as the court may deem proper, and, after due deliberation, the court shall make its recommendation, based upon all of such proof and evidence”. (Emphasis supplied.)
The court in the initiating State has received a transcript, as is referred to in that subdivision. However, we, the responding State, have not received that court’s recommendation based upon all of such proof and evidence. In fact, we have received no recommendation at all. This defect alone would require a dismissal of this petition. (Michel v Michel, 31 AD2d 313.)
Petition is accordingly dismissed.