OPINION OF THE COURT
Gertrude Mainzer, J.
Respondent, Thomas W. by order to show cause dated March 19,1981, seeks an order vacating the registration in this court of a foreign child support order entered by the Family Court of the State of Delaware. On April 10, 1981 arguments were heard on the motion. Essentially, respondent contends that since the Delaware support order and underlying order of filiation were entered without his appearance upon default, it is not entitled to enforcement under section 37-a of the Domestic Relations Law and CPLR article 54. Decision was reserved and the parties were informed that they would be notified of the court’s decision. Having reviewed the facts and applicable law, respondent’s motion to vacate is denied.
*797 The relevant facts in this matter as adduced from the record before this court[1] are as follows: On October 31, 1978, the Bureau of Child Support Enforcement of the State of Delaware filed a petition for support of Terrell D. (date of birth, April 16, 1978) on behalf of petitioner, Sabrina D. Respondent, a Delaware resident, denied paternity. The matter was set down for a hearing on December. 7,1978. On the adjourned date respondent failed to appear. The Family Court of Delaware, following an inquest, entered an order establishing respondent to be the father of the child. Thereafter, on December 19, 1978, respondent filed a motion requesting a stay of the orders of December 7, 1978 and reopening of the case on the basis of his understanding that the hearing of December 7, 1978 had been continued. The court granted the motion and agreed to review the matter. On respondent’s request, blood tests were taken which did not exclude respondent as being the father of the child. On September 20, 1979, a hearing to review the issue of paternity was scheduled. Respondent did not appear. Notice had been sent to his last known address and to his attorney, who advised the court that he was unable to contact his client. The court dismissed respondent’s motion and ordered that the paternity and support orders of December 7,1978 remain in full force and effect. On February 27, 1981 petitioner filed a petition for registration of a foreign support order with this court.
Generally, in Uniform Reciprocal Enforcement of Support Act (URESA) proceedings courts cannot look behind the adjudication of paternity[2] and must give full faith and credit to a judgment of a sister State. (Matter of Robertson v Collings, 101 Misc 2d 808.) Since the court of the responding State is not an appellate court, it must respect the determination of the initiating court that entitlement exists for the petitioner. (Matter of Huffman v Huffman, 93 Misc 2d 790.) Consequently, the only defenses which may be interposed in a registration proceeding under URESA *798 are those which relate to the validity of the foreign decree, such as lack of jurisdiction. (O’Halloran v O’Halloran, 580 SW2d 870 [Ct of Civ Apps, Tex, 1979].) The Family Court of Delaware had proper jurisdiction over this matter. Respondent, a resident of that State received notice that a paternity proceeding had been commenced against him and was given a full and fair opportunity to answer the allegations of petitioner after his motion to reopen the original paternity and support decision was granted by the Delaware court. Respondent chose not to exercise his rights when, after the blood tests did not exclude him, he voluntarily abandoned his motion.
Under these facts, respondent’s contention that CPLR article 54 applies to this proceeding and that the instant foreign child support order is not entitled to full faith and credit is without merit. Article 54 sets up a statutory scheme for registration and enforcement of foreign money judgments which is not the case here. A support order, being subject to future modifications is not a final money judgment within the meaning of article 54. Instead, foreign support orders are governed by the Uniform Support Dependents Law (USDL; Domestic Relations Law, art 3-A) which establishes a specific procedure for the registration and enforcement of such orders.
Assuming, however, that a defense under article 54 could be raised in a USDL proceeding, respondent here has waived such a defense. It is clear that where a defendant appears, but defaults at some later stage of a proceeding, the resulting foreign judgment may qualify for registration under article 54. (L & W Air Conditioning Co. v Varsity Inn of Rochester, 82 Misc 2d 937.)
The Family Court of Delaware having jurisdiction over this matter afforded respondent a full and fair opportunity to contest its determination that he is the father of Terrell D. and as such is responsible for his support. Under these facts, this court cannot review that decision. Respondent’s motion to vacate is accordingly denied.
This matter is adjourned to October 27,1981 in Part 5 for a hearing.
All parties and attorneys to be notified of this decision and of adjourn date.

. Included in the record are certified copies of all orders issued by the Family Court of the State of Delaware.

. This court notes that although there have been no reported cases in New York, orders of filiation and support have been entered upon default in other jurisdictions (Butler v Cann, 62 Mich App 663; Taylor v Johnson, 262 A2d 803 [DCCA, 1970]; Magana v Magana, 576 SW2d 131 [Ct of Civ Apps, Tex, 1978]).