OPINION OF THE COURT
Gertrud Mainzer, J.
In this proceeding filed on January 9, 1981 under the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A [USDL]) respondent, by oral motion on March 23, 1982, seeks a dismissal of the petition on the ground that this court lacks subject matter jurisdiction. In his legal memorandum respondent relies on subdivision 5 of section 33 of the Domestic Relations Law which provides as follows: “The natural parents of a child born out of wedlock shall be severally liable for the support of such child, but the liability of the natural father shall not be enforceable unless he has been adjudicated to be the child’s father by a court of competent jurisdiction, or he has acknowledged or shall acknowledge paternity of the child in open court or by a verified written statement.” (Emphasis added.) Specifically, respondent contends that the Family Court is without jurisdiction to entertain the instant support petition because petitioner’s II in evidence is not a verified written statement as required by subdivision 5 of section 33 of the Domestic Relations Law.
*1041 Petitioner’s II in evidence consists of a consent to change the name of a child born out of wedlock on the child’s birth certificate. An examination of the consent reveals that it was sworn to by the deponents, George R, the respondent, and Migdalia L., the mother of the child. The consent recites that respondent having been duly sworn states that he is the natural father of the child, Steve L., and that he desires and consents to the filing of a new birth certificate for the child, giving the deponent’s name as the father and giving the deponent’s surname as that of the child, so that the child will be known as Steve R. The consent is affixed with a New York State notary public stamp, indicating that it was subscribed and sworn to by petitioner and respondent on August 21, 1974.
The consent was accepted and approved for filing by the New York City Board of Health under section 4138 (subd 1, par [e]) of the Public Health Law. That section provides that a new birth certificate shall be made where “the certificate of birth of a child born out of wedlock * * * has been filed without entry of the name of the father and the commissioner thereafter receives the duly verified consent of the putative father and mother in writing, to the entry of the name of such father”. (Emphasis added.) Pursuant to this provision a new birth certificate was issued for the child on September 11, 1974 which named respondent as the child’s father and changed the child’s name to that of Steve R.
The only issue before the court at this time is whether the consent filed under section 4138 (subd 1, par [e]) of the Public Health Law is, on its face, a verified written statement within the meaning of subdivision 5 of section 33 of the Domestic Relations Law.
In the Domestic Relations Law there is no definition of the term “verified” nor is any reference made to the elements required for a “verified statement” as used in subdivision 5 of section 33 of the Domestic Relations Law. The term “verification” is defined in CPLR 3020 as a “statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief”. As used in the CPLR a verification attests to the truthfulness of the allegations contained in a plead *1042 ing, not otherwise sworn to. Since the consent herein does not constitute a pleading under the CPLR this definition is not applicable. Nevertheless, even if the definition did apply the fact that the consent had been sworn to by the deponents would satisfy the CPLR definition to the extent that it was under oath.
Research has furthermore revealed no cases which have specifically construed what is required for a verified statement under subdivision 5 of section 33 of the Domestic Relations Law, nor do the cases cited in respondent’s memorandum address this issue. In Matter of Martha D. v Ronald C.D. (99 Misc 2d 334), a USDL proceeding for support of an out-of-wedlock child was dismissed by the court since there was no written statement acknowledging paternity. In Robertson v Collings (101 Misc 2d 808), the court applied Connecticut law to determine the sufficiency of an acknowledgment of paternity executed in Connecticut, which did not contain the mother’s consent necessary under Connecticut law.
Respondent’s memorandum also cites an informal 1967 opinion of the Attorney-General (1967 Atty Gen [Inf Opns] 58). In that opinion it was held that a support agreement signed before a notary public did not meet the verification requirement of subdivision 5 of section 33 of the Domestic Relations Law because it was neither sworn to by the deponents nor did it contain an oath, affidavit or deposition attesting to its truth, correctness and authenticity. The opinion also relies on Matter of Bristol v Buck (201 App Div 100, 102, affd 234 NY 504) wherein the court stated that the word verified as used in a statute “ordinarily imports a verity attested by the sanctity of an oath.”
Having examined the consent in light of these definitions, this court concludes that the document herein constitutes a verified statement sufficient to form a basis for this USDL proceeding under subdivision 5 of section 33 of the Domestic Relations Law. The document contains a sworn statement before a notary public that respondent is the father of Steve R., thereby satisfying the requirements enunciated by the Attorney-General as well as the court in Matter of Bristol u Buck (supra). Moreover, the fact that the New York City Board of Health accepts this document as a *1043 duly verified consent to enter the name of a putative father on the birth certificate of an out-of-wedlock child supports this court’s conclusion that the consent is equally sufficient as a verified statement under subdivision 5 of section 33 of the Domestic Relations Law.
In view of the foregoing, respondent’s motion to dismiss for lack of subject matter jurisdiction is hereby denied.
The matter is adjourned to May 11,1982 for a continued hearing on the issues of fraud and duress in procuring the statement.