OPINION OF THE COURT
Anthony T. Kane, J.
The above matter was commenced by a petition verified on November 20, 1984 under the provisions of the Uniform Reciprocal Enforcement of Support Law of Ohio to compel the support of the petitioner’s minor son, George Dominic Feldick. This proceeding is based on a determination of paternity and an order of support of the Court of Common Pleas, Franklin County, Ohio, Division of Domestic Relations which was filed on January 5, 1984. Copies of the petition, the court certificate under the Uniform Reciprocal Enforcement Support Act, the testimony of the petitioner verified on November 20, 1984, the Franklin County, Ohio Court of Common Plea’s determination of paternity and order of support, and a certificate of authenticity by the County Clerk and Clerk of the Court of Common Pleas of the State of Ohio, County of Franklin were forwarded to the Sullivan County Family Court pursuant to the Uniform *16 Reciprocal Enforcement of Support Act under the cover letter of Harland H. Hale, Assistant Prosecuting Attorney, dated November 23,1984.
The matter was set down for a hearing in the Sullivan County Family Court on March 13, 1985 at which time the respondent, together with his attorney Diane Lovejoy, Esq., of the Legal Aid Society of Sullivan County, Inc., and the Assistant County Attorney Ronald G. Hiatt, Esq., were present. By an order dated March 14, 1985, the respondent was ordered to actively seek employment. At a hearing dated May 8, 1985, the respondent and the Assistant County Attorney, Ronald G. Hiatt, Esq., were present. The court granted the respondent’s request for an adjournment in order to seek counsel and entered a temporary order of support. On May 24, 1985, the respondent, by his attorney, Louis Tieger, Esq., petitioned the Family Court for an order requiring that all support payments be held in escrow pending the final outcome of this matter. On May 30, 1985, the Family Court ordered the Sullivan County Support Collection Unit to hold all support payments in escrow until further order. On June 24, 1985, the Family Court entered an income deduction order in this matter. By notice of motion dated June 25, 1985, together with the attached affidavit of the respondent and the affirmation of the respondent’s attorney, Louis Tieger, Esq., the respondent requested an order denying the enforcement of the petition of the Department of Social Services of Franklin County (D.S.S.), on behalf of Linda Feldick on the grounds that the Court of Common Pleas, Franklin County, Ohio, Division of Domestic Relations lacked personal jurisdiction over the respondent and therefore the Sullivan County Family Court need not give full faith and credit to its judgment, and, in the alternative, that the amount of the support payments be reduced because of the respondent’s inability to pay the amount demanded. By its affirmation in opposition dated August 28, 1985 by Karen L. Schaefer, Esq., Assistant County Attorney, Sullivan County, the petitioner opposes the aforementioned motion.
Although the general rule is that a sister State’s judgment is entitled to full faith and credit, it will not be enforced in New York State where it is shown that the State rendering the judgment did not have jurisdiction over the respondent. (Gladding Corp. v Balco-Pedrick Parts Corp., 76 AD2d 1 [4th Dept 1980].) The fundamental and obvious limitation upon the power of the courts of one State to render a judgment binding upon those of another State is that the former must have *17 jurisdiction over the parties and over the subject matter. If the former court lacked jurisdiction, the judgment is void and this jurisdictional problem is not waived by the full faith and credit doctrine. Under the full faith and credit principle, a judgment of a court in one State is conclusive upon the merits in a court in another State only if the former court had power to pass on the merits, that is, that it had jurisdiction to render the decision. Therefore, before a court is bound by another State’s judgment, it may inquire into the jurisdictional basis of the foreign court’s decree and if the court lacked jurisdiction, full faith and credit need not be given. (Underwriters Assur. Co. v North Carolina Guar. Assn., 455 US 691 [1982].)
The initial inquiry which this court must make is whether the Ohio court’s determination of paternity is valid. Ohio Revised Code § 2307.38.2 is the long-arm statute of the State of Ohio. This statute does not apply to the respondent. Ohio’s Rules of Civil Procedure rule 4.3 provides for out-of-State service of process on nonresidents. By this court’s reading of rule 4.3, the respondent is not a "person” to which rule 4.3 is applicable. However, in the Ohio court’s entry of November 30, 1983 which determined paternity, the court noted that: "The Court finds that the defendant was properly served with a Summons and copy of the Complaint pursuant to Civil Rules”.
While extrinsic evidence may always be introduced to show want of jurisdiction, a recital of jurisdictional facts in a judgment is prima facie evidence of the regularity thereof, creating a presumption of jurisdiction. (Ferguson v Crawford, 70 NY 253.) Since the Ohio court is better able to interpret Ohio laws, this court will accept the Ohio court’s ruling that the respondent was properly served with a summons and complaint. Additionally, the respondent admits in his affidavit verified on June 24, 1985, that he received the summons and complaint by certified mail. Ohio Rules of Civil Procedure rule 4.3 (B) requires that "service of any process shall be by certified mail unless otherwise permitted by these rules.” In accordance with the Ohio court’s ruling, the respondent was to be served by certified mail, and, he was in fact served by certified mail.
Ohio Revised Code § 3111.08 pertains to paternity actions and provides in division (A) that such a matter "is a civil action and shall be governed by the Civil Rules unless a different procedure is specifically provided by this chapter.” Division (B) provides that: "If the person against whom the *18 action is brought does not appear personally or by counsel at a pretrial hearing scheduled under section 3111.11 of the Revised Code, the opposing party may file a written motion for default judgment against the person. The motion, along with a notice of the date and time when it is to be heard, shall be served upon the person in the same manner as is provided for service of a complaint under the Civil Rules.” As noted above, Ohio Rules of Civil Procedure rule 4.3 (B) requires that service is to be by certified mail, therefore the motion was to have been served by certified mail. In his affidavit verified on June 24, 1985, the respondent states that other than receipt of the summons and complaint, he received no further notice. The petitioner has failed to show that the motion for a default judgment was served by certified mail. In fact, the only evidence presented to this court on this point is that the respondent never received notice. Since Ohio Revised Code § 3111.08 (B) was not complied with, the Ohio Court of Common Pleas, Division of Domestic Relations lacked jurisdiction to enter a default judgment against the respondent declaring him to be the biological father of the petitioner’s child.
"The legal responsibility for support is dependent upon the relationship between the parties. Section 32 of the Domestic Relations Law specifies those parties who are liable for the support of certain named dependents.
"A uniform support of dependents proceeding must be predicated upon the existence of such a qualifying relationship. If a qualifying relationship has first been established, then a uniform support of dependents proceeding may be instituted to seek support from the responsible relative. However, a uniform support of dependents proceeding cannot be used to establish such a relationship.” (Matter of Robertson v Collings, 101 Misc 2d 808, 809-810 [Fam Ct, Oneida County 1979].)
Domestic Relations Law §32 (3) lists as those persons legally liable for the support of dependents: "Parents liable for support of their child or children under twenty-one years of age.” Domestic Relations Law §33 (5) qualifies that liability by providing that: "The natural parents of a child born out of wedlock shall be severally liable for the support of such child, but the liability of the natural father shall not be enforceable unless he has been adjudicated to be the child’s father by a court of competent jurisdiction, or he has acknowledged or shall acknowledge paternity of the child in open court or by a verified written statement.”
*19 As noted in both Domestic Relations Law §33 (5) and Matter of Robertson v Collings (supra) the liability of the natural father is not enforceable unless he has been adjudicated to be the father by a court of competent jurisdiction. Since the Ohio Court of Common Pleas, Division of Domestic Relations lacked jurisdiction to render its determination of paternity, the respondent has never been adjudicated to be the child’s father by a court of competent jurisdiction. Since there is no underlying order of paternity, and since a uniform support of dependents proceeding cannot be used to establish such a relationship, the respondent is not legally liable for the support of the petitioner’s child. It is therefore ordered, that the petitioner’s request for support of the minor child is hereby denied; and it is further ordered, that the moneys being held by the Sullivan County Support Collection Unit in escrow pursuant to this court’s order of May 30, 1985 shall be returned to the respondent by the Support Collection Unit, and it is further ordered, that the income deduction order issued by this court on June 24, 1985 is vacated; and it is further ordered, that the temporary order of support rendered by this court on May 8,1985 is vacated.