OPINION OF THE COURT
Bellacosa, J.
Visitation rights may not be granted on the authority of the Matter of Bennett v Jeffreys (40 NY2d 543) extraordinary circumstances rule, to a biological stranger where the child, born out of wedlock, is properly in the custody of his mother. Petitioner was proven by blood test and admissions not to be the father of the child. Respondent is conceded to be a fit mother, a conclusion supported by the evidence before the lower courts, and she has chosen to resist the legal effort to judicially confer visitation rights on petitioner. Under these key premises, the Bennett rule is inapplicable and unavailable. Nothing in this record establishes any basis for interfering with the mother’s full custodial rights, which include the right to determine who may or may not associate with her child.
The mother and petitioner began dating in October 1979 while they were in high school. Their relationship continued until the early fall of 1981. In October 1981, the mother and petitioner broke up and she began dating another man whom she planned to marry. That engagement lasted one month and, in January of 1982, the mother and petitioner resumed *143 their relationship. After they reunited, the mother-to-be informed petitioner that she was four months pregnant and it was possible that he was the father. Throughout the pregnancy, they resided together. Petitioner participated in the mother’s childbirth courses, was present at the child’s birth, and agreed, after initial refusal and dispute, to be listed as the father on the child’s birth certificate. Over the next year or so, the mother and petitioner lived together sporadically. During periods of estrangement, petitioner continued to see the child regularly and was held out to be and considered himself to be the child’s father. After the parties separated, the mother initiated support proceedings against petitioner through the County Department of Social Services.
In October 1983, upon learning of the mother’s intent to move to Texas with the child, petitioner started this proceeding seeking an order temporarily restraining the mother from removing her child from the jurisdiction and granting him visitation rights. Family Court granted a temporary restraining order prohibiting the mother from removing the child from the State, and a hearing was directed on the issue of paternity. The results of a blood-grouping test excluded petitioner as the biological father, but the court nevertheless ordered a hearing on the matter of visitation. After a two-day hearing, the Family Court concluded that "in the present circumstances, it is in [the child’s] best interest to continue his relationship with [petitioner and his] family by means of regular visitation”. The court, citing Matter of Bennett v Jeffreys (40 NY2d 543, supra), found "the circumstances in the instant case sufficiently extraordinary to warrant consideration of petitioner’s request for visitation in light of the child’s best interests despite petitioner’s lack of paternal ties”. Thus, the court ordered bimonthly visits with the child by petitioner and his parents. The court also lifted its previous order restraining the mother from removing the child to another State, but ordered the mother to notify petitioner 30 days in advance of any move from the county so that he could seek modification of the order of visitation.
The mother appealed, and the Appellate Division modified the order of the Family Court eliminating the visitation rights to petitioner’s parents and, as so modified, affirmed. With respect to petitioner’s parents, the court found that "their status throughout, as nonparties requesting no relief, precludes any determination for or against them” (117 AD2d 332, 334).
*144 The mother further appeals to us with respect to the affirmed visitation rights accorded to petitioner. The central issue is whether the Bennett standard, first enunciated and to date applied only to custody disputes between parents and third parties, is available to allow visitation rights to a non-parent against the wishes of the custodial parent. We conclude that the lower courts erred as a matter of law in using the Bennett test.
To be sure, visitation is a subspecies of custody, but the differences in degree in these relational categories is so great and so fundamental that rules like the Bennett rule, which have been carefully crafted and made available only to custody disputes, should not be casually extended to the visitation field. Thus, we expressly decline to do so.
It has long been recognized that, as between a parent and a third person, parental custody of a child may not be displaced absent grievous cause or necessity (People ex rel. Kropp v Shepsky, 305 NY 465, 469). An underlying rationale for this rule is that it is presumptively in a child’s best interest to be raised by at least one parent unless the parents are determined to be unfit (Matter of Spence-Chapin Adoption Serv. v Polk, 29 NY2d 196, 204; see also, Family Ct Act §§ 614, 651).
In Matter of Bennett v Jeffreys (40 NY2d 543, supra), we articulated the narrow exception in which a court may consider whether the best interest of a child permits termination of parental custody. "[Ijntervention by the State in the right and responsibility of a natural parent to custody of her or his child is warranted if there is first a judicial finding of surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstances which would drastically affect the welfare of the child. It is only on such a premise that the courts may then proceed to inquire into the best interest of the child and to order a custodial disposition on that ground” (id., at 549 [emphasis added]; see also, Matter of Marie B., 62 NY2d 352; Matter of Male Infant L., 61 NY2d 420).
In this case, no one questions the mother’s fitness to raise her child and no one seeks to change custody. Thus, the Bennett rule has no application to the situation before us, and our inquiry is directed solely to the State’s power to interfere with the right of this mother to choose those with whom her child associates. The State may not interfere with that funda *145 mental right unless it shows some compelling State purpose which furthers the child’s best interests (see, Stanley v Illinois, 405 US 645, 651). No such compelling purposes are present in this case.
Finally, there is no legal support whatsoever for the order requiring a custodial parent to notify a nonparent of an intention to move from a particular area of this State. Weiss v Weiss (52 NY2d 170) is not applicable in these circumstances.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the application for visitation rights should be denied in toto.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, etc.