OPINION OF THE COURT
Per Curiam.
At issue in this case is whether petitioner, a biological *655 stranger to a child who is properly in the custody of his biological mother, has standing to seek visitation with the child under Domestic Relations Law § 70. Petitioner relies on both her established relationship with the child and her alleged agreement with the biological mother to support her claim that she has standing. We agree with the Appellate Division that, although petitioner apparently nurtured a close and loving relationship with the child, she is not a parent within the meaning of Domestic Relations Law § 70. Accordingly, we affirm.
I
Petitioner Alison D. and respondent Virginia M. established a relationship in September 1977 and began living together in March 1978.* In March 1980, they decided to have a child and agreed that respondent would be artificially inseminated. Together, they planned for the conception and birth of the child and agreed to share jointly all rights and responsibilities of child-rearing. In July 1981, respondent gave birth to a baby boy, A.D.M., who was given petitioner’s last name as his middle name and respondent’s last name became his last name. Petitioner shared in all birthing expenses and, after A.D.M.’s birth, continued to provide for his support. During A.D.M.’s first two years, petitioner and respondent jointly cared for and made decisions regarding the child.
In November 1983, when the child was 2 years and 4 months old, petitioner and respondent terminated their relationship and petitioner moved out of the home they jointly owned. Petitioner and respondent agreed to a visitation schedule whereby petitioner continued to see the child a few times a week. Petitioner also agreed to continue to pay one half of the mortgage and major household expenses. By this time, the child had referred to both respondent and petitioner as "mommy”. Petitioner’s visitation with the child continued until 1986, at which time respondent bought out petitioner’s interest in the house and then began to restrict petitioner’s visitation with the child. In 1987 petitioner moved to Ireland to pursue career opportunities, but continued her attempts to communicate with the child. Thereafter, respondent terminated all contact between petitioner and the child, returning all of petitioner’s gifts and letters. No dispute exists that *656 respondent is a fit parent. Petitioner commenced this proceeding seeking visitation rights pursuant to Domestic Relations Law § 70.
Supreme Court dismissed the proceeding concluding that petitioner is not a parent under Domestic Relations Law § 70 and, given the concession that respondent is a fit parent, petitioner is not entitled to seek visitation pursuant to section 70. The Appellate Division affirmed, with one Justice dissenting, and granted leave to appeal to our Court.
II
Pursuant to Domestic Relations Law § 70 "either parent may apply to the supreme court for a writ of habeas corpus to have such minor child brought before such court; and [the court] may award the natural guardianship, charge and custody of such child to either parent * * * as the case may require”. Although the Court is mindful of petitioner’s understandable concern for and interest in the child and of her expectation and desire that her contact with the child would continue, she has no right under Domestic Relations Law § 70 to seek visitation and, thereby, limit or diminish the right of the concededly fit biological parent to choose with whom her child associates. She is not a "parent” within the meaning of section 70.
Petitioner concedes that she is not the child’s "parent”; that is, she is not the biological mother of the child nor is she a legal parent by virtue of an adoption. Rather she claims to have acted as a "de facto” parent or that she should be viewed as a parent "by estoppel”. Therefore, she claims she has standing to seek visitation rights. These claims, however, are insufficient under section 70. Traditionally, in this State it is the child’s mother and father who, assuming fitness, have the right to the care and custody of their child, even in situations where the nonparent has exercised some control over the child with the parents’ consent (see, Matter of Ronald FF. v Cindy GG., 70 NY2d 141, 144, citing People ex rel. Kropp v Shepsky, 305 NY 465, 468-469). "It has long been recognized that, as between a parent and a third person, parental custody of a child may not be displaced absent grievous cause or necessity” (Matter of Ronald FF. v Cindy GG., supra, at 144; see also, Matter of Bennett v Jeffreys, 40 NY2d 543, 549). To allow the courts to award visitation — a limited form of custody —to a third person would necessarily impair the parents’ *657 right to custody and control (id.). Petitioner concedes that respondent is a fit parent. Therefore she has no right to petition the court to displace the choice made by this fit parent in deciding what is in the child’s best interests.
Section 70 gives parents the right to bring proceedings to ensure their proper exercise of their care, custody and control (see, Matter of Roland F. v Brezenoff, 108 Misc 2d 133, 134-135). Where the Legislature deemed it appropriate, it gave other categories of persons standing to seek visitation and it gave the courts the power to determine whether an award of visitation would be in the child’s best interests (see, e.g., Domestic Relations Law §71 [special proceeding or habeas corpus to obtain visitation rights for siblings]; § 72 [special proceeding or habeas corpus to obtain visitation rights for grandparents]; see, Lo Presti v Lo Presti, 40 NY2d 522, 526-527). We decline petitioner’s invitation to read the term parent in section 70 to include categories of nonparents who have developed a relationship with a child or who have had prior relationships with a child’s parents and who wish to continue visitation with the child (accord, Nancy S. v Michele G., 228 Cal App 3d 831, 279 Cal Rptr 212 [1st Dist, Mar. 20, 1991]). While one may dispute in an individual case whether it would be beneficial to a child to have continued contact with a nonparent, the Legislature did not in section 70 give such nonparent the opportunity to compel a fit parent to allow them to do so (see, Matter of Ronald FF. v Cindy GG., 70 NY2d 141, supra; compare, Oregon Rev Stat Ann § 109.119 [1] [giving "(a)ny person including but not limited to a foster parent, stepparent, grandparent * * * who has established emotional ties creating a child-parent relationship with a child” the right to seek visitation or other right of custody]).
Accordingly, the order of the Appellate Division should be affirmed, with costs.

 Given the procedural posture of the case, the facts are those alleged by petitioner in her habeas corpus petition.