■ In the Matter of MICHAEL H., Appellant, v CAROLE S. D., Respondent. [604 NYS2d 573] —In a visitation proceeding, Michael H. appeals, as limited by his brief, from (1) an order of the Supreme Court, Westchester County (Fredman, J.), entered December 13, 1990, which, *inter alia,* directed him to pay the respondent's legal fees, and (2) an order of the same court entered February 24, 1992, which reiterated that directive and dismissed the proceeding.

Ordered that the appeal from the order entered December 13, 1990, is dismissed, as it was superseded by the order entered February 24, 1992; and it is further,

Ordered that the order entered February 24, 1992, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appellant had a relationship with a married woman in California, and claims to be the biological father of the child with whom he seeks visitation. He sought to establish paternity and visitation rights in California, but the California court held that his assertion of paternity and visitation rights was statutorily precluded *(see,* Cal Evidence Code § 621; *Michael H. v Gerald D.,* 191 Cal App 3d 995, 236 Cal Rptr 810, *affd* 491 US 110). Subsequently, the mother and child moved to New York, and the appellant sought to renew his applica-

tion for visitation here, but his renewal application was dismissed on the grounds of full faith and credit, res judicata, and collateral estoppel. We affirm.

The resolution of the instant proceeding presents a coalescence of the various societal interests promoted by the doctrine of res judicata, particularly the need for finality, stability and consistency in family status determinations, and for the avoidance of embarrassing and vexatious relitigation and manipulation of fact-finding processes (see, Matter of Slocum v Joseph B., 183 AD2d 102). Similarly, the Full Faith and Credit Clause (US Const, art IV, § 1) has been held to apply to paternity determinations (see, Sabrina D. v Thomas W., 110 Misc 2d 796; Matter of Robertson v Collings, 101 Misc 2d 808). The United States Supreme Court and California courts have decreed that the appellant has no legal relationship to the child (see, Michael H. v Gerald D., supra). Absent a legal relationship with the child, the appellant has no standing to seek visitation (see, Matter of Santosky v Roach, 161 AD2d 908, lv dismissed 76 NY2d 981). Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.