■ In the Matter of CINDY P., Respondent, v DANNY P., Appellant. [614 NYS2d 479] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered April 22, 1993, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, for an order of protection.

During the pendency of the parties' action for a divorce, they entered into a stipulation, incorporated into an order by Family Court, whereby petitioner was granted custody of her sons, Joshua and Jesse, and respondent was granted, among other things, visitation with Jesse "at such times and for such duration as the parties may mutually agree", which visitation was not to be unreasonably denied. It is undisputed that respondent is neither the biological nor adoptive parent of Jesse. The sole issue presented on this appeal is whether, on petitioner's subsequent application, *inter alia,* to modify the stipulation and order entered thereon, Family Court properly found that respondent lacked standing to assert a legal claim to visitation with Jesse. There should be an affirmance.

Contrary to respondent's analysis, we conclude that the issue is governed by the decisions of the Court of Appeals in *Matter of Ronald FF. v Cindy GG.* (70 NY2d 141) and *Matter of Alison D. v Virginia M.* (77 NY2d 651). In *Matter of Ronald FF. v Cindy GG. (supra,* at 142), the Court held that "[v]isitation rights may not be granted * * * to a biological stranger where the child, born out of wedlock, is properly in the custody of his mother". Although, as pointed out by respondent, that case may be distinguished by the absence of a voluntary agreement, in *Matter of Canabush v Wancewicz* (193 AD2d 260), this Court extended the analysis of *Matter of Ronald FF. v Cindy GG. (supra)* to a case where a nonparent's custody rights arose out of an agreement, applying the rationale that a parent may not stipulate away a child's right to be reared by its biological parent *(Matter of Canabush v Wancewicz, supra,* at 262). Because that rationale strikes us as no less applicable in the case of visitation, we conclude that a voluntary agreement, alone or as incorporated into a court order, will not of itself confer standing upon a person not related by blood to assert a legal claim to visitation or custody *(see, supra; Matter of Janet S. M. M. v Commissioner of Social Servs.,* 158 Misc 2d 851; *Matter of Jennifer,* 142 Misc 2d 912).

Mikoll, J. P., Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.