■ In the Matter of Gilbert A., Appellant, v Laura A., Respondent. Patricia M. McGrath, as Law Guardian, Appellant. [689 NYS2d 810] —Order unanimously reversed on the law

without costs, petition reinstated and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: The parties were married in 1986 and two children were born during the marriage: Jennifer, on February 4, 1989, and Daniel, on June 7, 1991. On March 10, 1993, the parties entered into a separation agreement wherein they named Jennifer and Daniel as the children of the marriage and agreed that respondent wife would have custody and petitioner husband would have liberal visitation and would pay child support for both children. In April 1993 respondent commenced a paternity proceeding against another man alleging that he was Daniel's biological father. Although not a party to the paternity proceeding, petitioner was ordered by the court to submit to a blood test to determine Daniel's paternity. Although no order of filiation appears in this record, the Law Guardian asserts that one was entered determining that the other man is Daniel's biological father, and petitioner also alleges that the other man is Daniel's biological father. The parties were divorced by judgment entered October 19, 1993, incorporating the separation agreement.

From the time of the parties' separation in March 1993 until January 1998 and despite the paternity determination, petitioner enjoyed frequent overnight visitation with the children. After an unsuccessful attempt to increase the child support paid by petitioner, respondent terminated petitioner's visitation with both children in January 1998. Petitioner filed a petition in Family Court in March 1998 seeking custody of the children or, in the alternative, liberal visitation.

The court erred in dismissing the petition "insofar as it relates to visitation with Daniel" without conducting a hearing, based on its conclusion that petitioner is a legal stranger to the child without standing to seek visitation. We conclude that petitioner is entitled to a hearing with respect to custody of or, in the alternative, visitation with Daniel. Daniel was born during the marriage of the parties. Petitioner signed his birth certificate as his father, the child bears his name and he has raised Daniel as his son. Petitioner maintains that he and Daniel have developed a strong father-son relationship. Petitioner is entitled to offer proof to support his contention that this case involves the rare extraordinary circumstances, drastically affecting the welfare of Daniel, that would support an award of custody to petitioner even though he is not the biological father (*see, Matter of Bennett v Jeffreys*, 40 NY2d 543, 544; *Michael G. B. v Angela L. B.*, 219 AD2d 289, 291). "[A]lthough the psychological parenthood of a [nonbiological

parent] may be insufficient in and of itself to constitute an extraordinary circumstance * * * a mother's direct involvement in the creation and development of a father-son relationship between a [nonbiological parent] and her child, which puts the child in a situation where his welfare could be affected drastically, can be an extraordinary circumstance" (*Matter of Canabush v Wancewicz*, 193 AD2d 260, 263, citing *Matter of Boyles v Boyles*, 95 AD2d 95, 99). Thus, petitioner is entitled to present proof regarding respondent's alleged role in creating and encouraging a father-child relationship and a psychological bond between petitioner and Daniel for seven years. Petitioner is also entitled to present proof on the issue whether the doctrine of equitable estoppel applies with respect to his application for visitation with Daniel (*see, Jean Maby H. v Joseph H.*, 246 AD2d 282). We therefore remit this matter to Niagara County Family Court for a hearing on the petition. We note that the parties should address the fact that there is a Supreme Court judgment adjudging that Daniel is a child of the marriage. (Appeals from Order of Niagara County Family Court, Batt, J.—Visitation.) Present—Pine, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.