█ ANONYMOUS, Respondent, v ANONYMOUS, Appellant. [797 NYS2d 754]—

Order, Supreme Court, New York County (John E.H. Stackhouse, J.), entered on or about October 22, 2004, which denied defendant's motion for interim visitation with plaintiff's adopted daughter, affirmed, without costs.

As neither a biological nor an adoptive parent, defendant lacks standing to seek visitation with the child, who is properly in the custody of her adoptive mother (*Matter of Alison D. v Virginia M.*, 77 NY2d 651 [1991]; *see* Domestic Relations Law § 70). Although the doctrine of equitable estoppel has been applied in various proceedings involving paternity, custody and visitation, there is no basis for its invocation here. Neither the Legislature nor the Court of Appeals has seen fit to include in the term "parent" a biological or legal stranger who has developed a longstanding, loving and nurturing relationship with the child or has had a prior relationship with the child's parent and wishes to continue visitation (*see Alison D.*, 77 NY2d at 654-655). Concur—Marlow, J.P., Nardelli and Williams, JJ.

Ellerin, J., concurs in a separate memorandum, as follows: I agree with Justice Sweeny's concerns that we are essentially precluded from considering the child's best interests by reason of *Matter of Alison D. v Virginia M.* (77 NY2d 651 [1991]), and join in his concurrence.

Sweeny, J., concurs in a separate memorandum, as follows: Under the authority of *Matter of Alison D. v Virginia M.* (77 NY2d 651 [1991]), I am constrained to vote with the majority. Contrary to the defendant's argument, *Alison D.* was decided not only on the legal issue of biological relationship, but on the issue of equitable estoppel as well (*see Matter of Multari v Sorrell*, 287 AD2d 764, 766 [2001]).

However, notwithstanding this, I am compelled to voice my concern that in recognizing the primacy of the rights of the biological parent, the Court of Appeals has defined a rigid construct which concomitantly ignores the reality of the relationships that nurture and develop a child.

Whether defendant and the child herein actually enjoyed the

parental relationship defendant claims and whether the continuance of this would be in the child's best interest cannot be known because, under *Alison D.*, there is not the basis for even a hearing.

This is an issue which, if not reviewed by the Court of Appeals, should then be reviewed by the Legislature.