■ KENNETH BANK, Appellant, v MARNEY WHITE, Respondent. [817 NYS2d 367]—

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Falanga, J.), dated December 21, 2004, as denied his cross motion for visitation with the defendant's children.

Ordered that the order is affirmed insofar as appealed from, with costs.

When the plaintiff Kenneth Bank and the defendant Marney White began dating in 1995, White had a daughter, and was pregnant with another child, both from a prior marriage. The parties began living together with the subject children in September 1995. Thereafter, the parties married and lived

together with the subject children from September 1997 until their separation in June 2003. During the marriage, the plaintiff played a role in the daily upbringing of the subject children and served as a "father figure" in their lives. When the parties separated, the plaintiff moved to California and the defendant remained in New York with the subject children.

By order to show cause dated October 6, 2004, the defendant requested pendente lite maintenance. The plaintiff cross-moved for visitation with the subject children. The Supreme Court, Nassau County, denied the cross motion for lack of standing.

The Supreme Court correctly denied the plaintiff's cross motion since he lacked standing to seek visitation with his wife's children (see Matter of Alison D. v Virginia M., 77 NY2d 651 [1991]; Matter of Ronald FF. v Cindy GG., 70 NY2d 141 [1987]). The plaintiff failed to demonstrate that he had the requisite contacts or undertook any effort to maintain a relationship with the subject children since he left the marital residence (see e.g. Matter of Herbert PP. v Chenango County Dept. of Social Servs., 299 AD2d 780, 781 [2002]), and the instant cross motion was brought only in response to the wife's request for pendente lite maintenance. The Supreme Court correctly determined that application of the doctrine of equitable estoppel was not warranted in this case. Although equitable estoppel has been applied by this Court to visitation disputes under compelling circumstances (cf. Jean Maby H. v Joseph H., 246 AD2d 282 [1998]) we decline to apply it under the facts of this case (see Matter of Multari v Sorrell, 287 AD2d 764, 766-767 [2001]; Anonymous v Anonymous, 20 AD3d 333 [2005]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.