■ In the Matter of JAMES JEROME C., Appellant, v MARY ELIZABETH J., Respondent. [818 NYS2d 702]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 23, 2005 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition seeking to enforce a visitation order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, an inmate serving a sentence of 25 years to life imprisonment, commenced this proceeding seeking to enforce a visitation order entered on the consent of the parties. During the course of the proceeding, it was brought to the attention of Family Court that there were two orders of filiation regarding the child, naming petitioner and another man as the father. Genetic testing thereafter excluded petitioner as the father, and we conclude that the court properly dismissed the petition based upon the results of the genetic testing (*see Matter of Multari v Sorrell*, 287 AD2d 764, 765-766 [2001]; *Matter of Cindy P. v Danny P.*, 206 AD2d 615, 616 [1994], *lv denied* 84 NY2d 808 [1994]). Petitioner stipulated to that testing and thus waived his present contention that the court erred in directing

it (*see generally Wittman v Wittman*, 302 AD2d 914 [2003]). Finally, the Law Guardian elected not to invoke the doctrine of equitable estoppel (*see generally Hammack v Hammack*, 291 AD2d 718, 719 [2002]), and we reject the further contention of petitioner that the court erred in determining that he was not entitled to invoke that doctrine in these circumstances (*see Multari*, 287 AD2d 764 [2001]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Green, JJ.