■ In the Matter of DENISE BEHRENS, Appellant, v BEATRICE RIMLAND, Respondent. [822 NYS2d 285]—

In a child visitation proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Suffolk County (Lynaugh, J.) dated August 27, 2005, which, without a hearing, granted the respondent's motion to dismiss the proceeding for lack of standing.

Ordered that the order is affirmed, without costs or disbursements.

The petition alleges, and the respondent does not dispute, that the parties lived together from at least 1994 through April 3, 2005, and that sometime in 1998 they started planning to adopt a child from China. The petition further alleges that, because Chinese law prohibits same-sex couples from adopting, only one of them could undertake the adoption in China. They agreed that the respondent, who had a better credit rating, should do so and the parties then would adopt the child together in the United States.

In August 2000 the respondent went to China with the petitioner's sister to finalize the adoption of Bryce, who was then eight months old. From the time Bryce arrived in the United States, until April 2005, the parties shared the responsibility for Bryce's care, and Bryce was taught to call them "mommy" and "mama." Evidence submitted by the petitioner tends to show that the respondent affirmatively fostered the development of a parent-child relationship between the petitioner and Bryce and held the petitioner out as Bryce's coparent or "mama." However, the parties took no steps to formalize the petitioner's status as Bryce's legal parent through adoption in the United States. Instead, the respondent filed a petition in 2004 for adoption by her alone. In April of 2005 the respondent terminated her relationship with the petitioner, asked her to leave, and opposed any contact between the petitioner and Bryce.

We agree with the Family Court that, under controlling law, the petitioner, who is neither an adoptive nor a biological parent of Bryce, lacks standing to seek visitation (see Matter of Alison D. v Virginia M., 77 NY2d 651, 655-656 [1991]; Matter of Lee P.S. v Lisa L., 301 AD2d 606 [2003]), and cannot rely on the doctrine of equitable estoppel to establish her status as a de facto or psychological parent (see Matter of Alison D. v Virginia M., supra at 656; Anonymous v Anonymous, 20 AD3d 333 [2005]; Matter of Janis C. v Christine T., 294 AD2d 496, 497

[2002]; *Matter of Multari v Sorrell,* 287 AD2d 764, 765 [2001]). Further, the evidence showing that the respondent fostered the development of a psychological bond between the petitioner and Bryce is insufficient, standing alone, to establish extraordinary circumstances that would overcome the established right of a legal parent to choose with whom her child may associate (*see Matter of Ronald FF. v Cindy GG.,* 70 NY2d 141, 142 [1987]; *Matter of Lynda A.H. v Diane T.O.,* 243 AD2d 24, 26-27 [1998]). Although New York law would have permitted the petitioner to seek to adopt Bryce as a second parent so that Bryce could enjoy all the economic and emotional benefits of having two legal parents (*see Matter of Jacob,* 86 NY2d 651, 656 [1995]), the petitioner now stands as a legal stranger to the child. We have considered the constitutional arguments raised on behalf of the child and conclude that the decision herein does not disadvantage the child on the basis of the petitioner's and the respondent's alleged sexual orientation. Equitable considerations that arise when a man has been held out by a child's biological mother as the child's biological father in birth and baptismal certificates or in judicial proceedings (*see e.g. Matter of Maurice T. v Mark P.,* 23 AD3d 567 [2005]; *Matter of Charles v Charles,* 296 AD2d 547, 549 [2002]; *Matter of Gilbert A. v Laura A.,* 261 AD2d 886, 888 [1999]; *Jean Maby H. v Joseph H.,* 246 AD2d 282, 285, 289 [1998]), are not present when a boyfriend, stepfather, or same-sex partner of an adoptive or biological mother seeks visitation or custody of the legal mother's child (*see Matter of Multari v Sorrell, supra; cf., Sean H. v Leila H.,* 5 Misc 3d 315, 319-320 [2004]).

Accordingly, the Family Court properly granted the respondent's motion to dismiss the proceeding without a hearing. Crane, J.P., Goldstein, Rivera and Lifson, JJ., concur.