■ In the Matter of MAURICE BURGESS, Respondent, v ANTHONY ASH, Respondent. RICHARD S. BIRNBAUM, Nonparty Appellant. [838 NYS2d 584]—

In a child visitation proceeding pursuant to Family Court Act article 6, the Law Guardian appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Edlitz, J.), entered February 14, 2006, as, after a hearing, dismissed the petition seeking expanded visitation with a nonbiological child, for lack of standing.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner, a former boyfriend of the subject child's biological mother, brought a petition against Anthony Ash, the child's legal guardian and biological uncle (hereinafter the respondent), seeking unsupervised visitation with the child. Pursuant to a consent order, the petitioner had been awarded monthly, supervised visitation with the child at the YWCA. Increased visitation was dependent upon further agreement between the parties.

The respondent moved to dismiss the petition and vacate the consent order on, inter alia, the ground that the petitioner, as a biological stranger to the child, lacked standing. In opposition, the petitioner claimed that he had established a parent-child relationship with the child and that the doctrine of equitable estoppel precluded the respondent from denying visitation. The

Family Court denied the respondent's motion, but ordered a hearing to determine whether the petitioner had standing to seek visitation.

Contrary to the Law Guardian's contention, the existing consent order, standing alone, did not give the petitioner standing to seek expanded visitation (*see Matter of Fishburne v Teelucksingh*, 34 AD3d 804 [2006]). Moreover, the Family Court properly determined that the petitioner, "who is neither an adoptive nor a biological parent [of the subject child], lacks standing to seek visitation . . . and cannot rely on the doctrine of equitable estoppel to establish [his] status as a de facto or psychological parent" (*Matter of Behrens v Rimland*, 32 AD3d 929, 930 [2006], *lv denied* 8 NY3d 807 [2007]; *see Matter of Alison D. v Virginia M.*, 77 NY2d 651, 656-657 [1991]; *Matter of Ronald FF. v Cindy GG.*, 70 NY2d 141, 144-145 [1987]; *Bank v White*, 30 AD3d 453, 454 [2006]; *Matter of Multari v Sorrell*, 287 AD2d 764, 765 [2001]; *Anonymous v Anonymous*, 20 AD3d 333 [2005]). Accordingly, the Family Court properly dismissed the modification petition. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.