■ DEBRA H., Respondent, v JANICE R., Appellant. [877 NYS2d 259]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered October 9, 2008, which granted a hearing on whether petitioner stands in loco parentis to respondent's biological child and whether respondent should be equitably estopped from denying that parental relationship, and appointed a law guardian to represent the child's best interest, unani-

mously reversed, on the law, without costs, the order vacated, the petition denied and this proceeding dismissed.

Petitioner seeks joint legal and physical custody of respondent's biological child, born approximately one month after the parties entered into a civil union in the State of Vermont, and more than two months after they registered as domestic partners in New York City. Although the record indicates that petitioner served as a loving and caring parental figure during the first 2½ years of the child's life, she never legally adopted the child.

This matter is governed by the Court of Appeals decision in *Matter of Alison D. v Virginia M.* (77 NY2d 651 [1991]), which provides that a party who is neither the biological nor the adoptive parent of a child lacks standing to seek custody or visitation rights under Domestic Relations Law § 70, even though that party may have developed a longstanding, loving and nurturing relationship with the child and was involved in a prior relationship with the biological parent.

Supreme Court concluded that denial of petitioner's right to invoke equitable estoppel herein would be inconsistent with the application of that doctrine in similar proceedings (*see e.g. Matter of Shondel J. v Mark D.*, 7 NY3d 320 [2006]; *Jean Maby H. v Joseph H.*, 246 AD2d 282, 285 [1998]). However, to the extent such inconsistencies exist, our reading of precedent is such that the doctrine of equitable estoppel may not be invoked where a party lacks standing to assert at least a right to visitation (*see Anonymous v Anonymous*, 20 AD3d 333 [2005]; *Matter of Multari v Sorrell*, 287 AD2d 764 [2001]).

Our conclusion that petitioner lacks standing renders academic respondent's claim that Supreme Court improvidently exercised its discretion by appointing a law guardian in this matter.

Motion seeking leave to strike brief denied. Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ.