# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

229
CAF 11-00597
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF ELSWORTH L. WEAVER,
PETITIONER-APPELLANT,

V                                         MEMORANDUM AND ORDER

PAMELA L. DURFEY AND ROBERT R. DURFEY,
RESPONDENTS-RESPONDENTS.

---

ELSWORTH L. WEAVER, PETITIONER-APPELLANT PRO SE.

LEONARD G. TILNEY, JR., LOCKPORT, FOR RESPONDENTS-RESPONDENTS.

KATHLEEN M. CONTRINO, ATTORNEY FOR THE CHILD, NORTH TONAWANDA, FOR
SAMANTHA D.

-----------------------------------------------------------------------------

Appeal from an order of the Family Court, Niagara County (David
E. Seaman, J.), entered February 17, 2011 in a proceeding pursuant to
Family Court Act article 6.  The order dismissed the petition for
visitation and custody.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner appeals from an order dismissing his
petition seeking, inter alia, visitation with respondents' daughter.
Family Court (John F. Batt, J.) dismissed his prior petition seeking
to establish paternity of the child.  The court found that respondents
were married when the child was born and at the time of the hearing on
the paternity petition and that, based upon petitioner's admissions,
he had acted as a friendly neighbor to the child, although he had
regular and significant contact with the child with respondents'
consent.  The court therefore determined that it was not in the best
interests of the child to disrupt her legitimate paternal relationship
with respondent father.

After he perfected his appeal from the prior order dismissing the
paternity petition, petitioner discontinued that appeal based on his
agreement with respondents that respondent mother and the child would
participate in DNA testing, which revealed a probability of 99.99%
that petitioner is the child's biological father, and that respondents
would permit petitioner to visit with the child.  The child
subsequently began to receive Social Security benefits as petitioner's
biological child.  Thereafter, respondents refused to permit
petitioner to visit with the child, and he filed a petition seeking,

inter alia, visitation based upon the DNA test results. Family Court (David E. Seaman, J.), determined, inter alia, that the petition was barred by res judicata and dismissed the petition. We affirm.

"The resolution of the instant proceeding presents a coalescence of the various societal interests promoted by the doctrine of res judicata, particularly the need for finality, stability and consistency in family status determinations" (*Matter of Michael H. v Carole S.D.*, 198 AD2d 414, 415, *lv denied* 83 NY2d 753). Thus, the court properly determined that it was prohibited by the doctrine of res judicata from considering petitioner's biological parental status as a basis for determining his standing to seek visitation with the child (*see generally Matter of Kelley C. v Kim M.*, 278 AD2d 893, 893). Inasmuch as petitioner has no legal standing to seek visitation with the child, we conclude that the court properly dismissed the petition (*see Michael H.*, 198 AD2d at 415).

Entered: March 16, 2012                    Frances E. Cafarell
                                           Clerk of the Court