# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1134**
**CAF 11-01353**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF JEAN MUKURALINDA,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

JOLIE KINGOMBE, RESPONDENT-RESPONDENT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR PETITIONER-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

MARY E. FEINDT, ATTORNEY FOR THE CHILDREN, ROCHESTER, FOR JOSHUA K.,
RACHEL K., RUTH K. AND STEVEN K.

-----------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (Patricia
E. Gallaher, J.), entered May 31, 2011 in a proceeding pursuant to
Family Court Act article 6.  The order, among other things, awarded
sole legal custody of the subject children to respondent.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law, the motion is denied, the petition is
reinstated and the matter is remitted to Family Court, Monroe County,
for further proceedings in accordance with the following Memorandum:
Petitioner, the alleged father of the children in question, appeals
from an order that, inter alia, dismissed his petition seeking a
modification of visitation as set forth in the prior order granting
the parties joint custody, granted respondent mother's cross petition
seeking sole custody of the children, and vacated all prior orders.
Family Court determined that, because the parties were not married and
there were no acknowledgments of paternity with respect to the
children (*see* Family Ct Act § 516-a [a]), petitioner lacked standing
to seek relief or to oppose the mother's cross petition seeking sole
custody.  That was error.

As a preliminary matter, we note that petitioner's first language
is Swahili and an interpreter appeared on his behalf.  Although
petitioner responded "no" to the court's questions "so you are not
married" and "you did not do the marriage, right," he previously
stated unequivocally that he and the mother were married in Africa in
a "cultural ceremony" before they emigrated to the United States.  The
court interrupted petitioner's explanation of the "cultural ceremony"
to ask questions before he had completed his response to the court's

request to describe the ceremony. In response to the court's questions, the mother testified that the parties were not married in Africa or in the United States. Although the court's determination that petitioner lacked standing should not be disturbed absent a sound and substantial basis in the record (*see generally Matter of Garland v Goodwin*, 13 AD3d 1059, 1059-1060), we conclude that the determination is not supported by the requisite sound and substantial basis in the record in view of petitioner's contradictory testimony through the interpreter.

In any event, based upon the doctrine of judicial estoppel, we conclude that the court erred in granting the mother's motion seeking to dismiss the petition to modify visitation and to vacate all prior orders. In opposition to the motion, petitioner provided the court with prior sworn petitions wherein the mother asserted that petitioner was the father of the children. Indeed, the mother swore in one petition that she and petitioner were "married in Africa on 6/28/98," which is in direct contravention of her sworn testimony that she and petitioner were never married. We conclude that judicial estoppel is properly applied here, where "a party to an action has secured a[n order] in his or her favor by adopting a certain position and then has sought to assume a contrary position in another action simply because his [or her] interests have changed" (*Anonymous v Anonymous*, 137 AD2d 739, 741; *see generally Secured Equities Invs. v McFarland*, 300 AD2d 1137, 1138; *Abramovich v Harris*, 227 AD2d 1000, 1001). In light of our decision, we further conclude that the court erred in granting the cross petition. We therefore reverse the order, deny the motion, reinstate the petition and remit the matter to Family Court, Monroe County, for further proceedings on the petition and cross petition before a different judge.

Entered: November 9, 2012                          Frances E. Cafarell
                                                   Clerk of the Court