OPINION OF THE COURT
Theresa Whelan, J.
Ordered that the motion by respondent Jennifer D. for an order dismissing petitioner’s application for custody/visitation with the parties’ daughter is denied.
Background
At issue in this case is whether petitioner Estrellita A. is precluded by the authority of Matter of Alison D. v Virginia M. (77 NY2d 651 [1991]) and Debra H. v Janice R. (14 NY3d 576 [2010]) from maintaining a custody/visitation petition with respect to the child born to her former domestic partner, respondent Jennifer D. Based on the unique facts present here, the court finds that petitioner is not so precluded and therefore denies respondent’s motion to dismiss.
By way of background and as established at a related child support proceeding, the parties registered as domestic partners in 2007. Thereafter, they decided to have a child and together went to North Shore University Hospital to choose a sperm donor. In February of 2008, respondent became pregnant by artificial insemination and as a result the child, Hannah Elizabeth A.-D., was born on November 23, 2008. Although there were discussions between the parties regarding petitioner adopting Hannah, no adoption was filed. In September of 2012 the parties stopped residing together.
On October 24, 2012 the respondent herein filed a petition for an order of support of the child against Estrellita A. Ms. D. asserted in her petition that she and Ms. A. have a child in common, Hannah Elizabeth A.-D., born November 23, 2008. The biological father of the child was not legally established as the child was donor conceived. This court was asked to rule upon whether Ms. A. should be declared a parent for the purposes of establishing a child support order. After a hearing it was established that Estrellita A. is a parent to Hannah A.-D. and, as such, the petitioner was charged with support of the child. (See order dated Jan. 16, 2013, T. Whelan, J., docket No. F-20626-12.)
On January 10, 2013 the petitioner Estrellita A. filed a petition for custody of Hannah. The petition alleges that the re *221 spondent Jennifer D. is the biological mother, and that the child Hannah is their child in common. The petitioner further asserts that it would be in the child’s best interest that she have custody as she is better suited to foster a relationship between the child and her biological mother. With consent of the parties Ms. A. filed an amended petition for custody on January 29, 2013 reflecting the court’s order in the support proceeding that established Estrellita A. as Hannah’s adjudicated parent. On January 30, 2013 the respondent filed the instant motion to dismiss.
Motion to Dismiss
In the instant motion, the respondent asserts that the custody petition must be dismissed as the petitioner is not a “parent” for purposes of custody/visitation under Family Court Act article 6 and Domestic Relations Law §§70 and 240, and thus has no standing to bring this action. Furthermore, Ms. D. relies upon the rulings in two Court of Appeals cases, Matter of Alison D. v Virginia M. (77 NY2d 651 [1991]) and Debra H. v Janice R. (14 NY3d 576 [2010]), holding generally that a change to the Domestic Relations Law must be made by the legislature in order to confer standing upon a new class of “non-parents,” namely same-sex partners. Additionally, while the legislature specifically permitted estoppel to be considered to determine filiation in child support matters, there is no such equitable remedy in the custody statutes to create standing in a non-biological party. Where, as here, the biological mother is a fit parent, Alison D. held that the court cannot displace her choices as to the child’s best interest, including those with whom she allows the child to associate.
Although she is a non-biological and non-adoptive parent, the petitioner argues that she seeks custody as a person who has already been adjudicated to be a parent of the subject child and is not asking the court to confer such standing by estoppel. The petitioner argues that she has standing per the “uncontroverted” facts that establish her as a parent to Hannah and asserts that the court must allow the custody matter to proceed to a “best interests” hearing.
The Attorney for the Child asks the court to apply the principle in Matter of Bennett v Jeffreys (40 NY2d 543 [1976]) which stands for the paramount rights of a natural parent absent extraordinary circumstances which would drastically affect the welfare of the child. The Attorney for the Child contends that here, where the parties intended to raise Hannah together, *222 where the parties did co-parent the child for nearly four years prior to their separation and where the court adjudicated petitioner to be a parent, extraordinary circumstances exist warranting application of Bennett v Jeffreys.
Existing Law
It is well settled that absent extraordinary circumstances or other limited circumstances, none of which are present here, only parents have the right to petition for custody or visitation (Domestic Relations Law § 70; Matter of Bennett v Jeffreys, 40 NY2d 543 [1976]). In the realm of same-sex parents, the Court of Appeals has consistently ruled that absent an adoption, the non-biological partner is not a parent under Domestic Relations Law § 70.
In Alison D., the parties had a live-in relationship during which time Virginia M. was artificially inseminated and subsequently gave birth to a son. When the relationship failed Virginia M. terminated all contact between Alison D. and the child. Alison D. sought visitation rights but her case was dismissed as she was not a parent under the statute and not entitled to visitation pursuant to Domestic Relations Law § 70. Alison D. claimed she was a de facto parent or parent by estoppel.
The trial court found that Alison D. had no right to displace the choice made by Virginia M., a concededly fit parent, in deciding what was in the child’s best interest. The appellate court affirmed the trial court’s finding that although Alison D. nurtured a close and loving relationship with the child, she was not a parent pursuant to Domestic Relations Law § 70.
The Court of Appeals affirmed, finding that claims by Alison D. to have acted as a de facto parent or to be viewed as a parent by estoppel are insufficient to confer standing for visitation rights. Citing Matter of Ronald FF. v Cindy GG. (70 NY2d 141 [1987]), the Court held that
“ ‘[i]t has long been recognized that, as between a parent and a third person, parental custody of a child may not be displaced absent grievous cause or necessity.’ To allow the courts to award visitation — a limited form of custody — to a third person would necessarily impair the parents’ right to custody and control.” (See Alison D. at 656-657 [citations omitted].)
Subsequently, in Debra H. v Janice R., the parties entered into a civil union in the State of Vermont one month before *223 Janice R.’s biological child was bom as the result of artificial insemination. The couple raised the child until their separation a few years later. Sometime after the parties’ separation Janice R. cut off communication between Debra H. and the child. Debra H. sought joint custody contending that Matter of Shondel J. v Mark D. (7 NY3d 320 [2006]) recognized a non-biological or non-adoptive parent’s right to visitation or custody by invoking the principles of equitable estoppel by citing Jean Maby H. v Joseph H. (246 AD2d 282 [2d Dept 1998]).[1]
The trial court ruled in Debra H.’s favor reasoning that
“it is inconsistent to estop a nonbiological father from disclaiming paternity in order to avoid support obligations, but preclude a nonbiological parent from invoking the doctrine against the biological parent in order to maintain an established relationship with the child. In either scenario, the court’s primary concern should be furthering the best interests of the child.” (Debra H. v Janice R., NYLJ, Oct. 9, 2008, 2008 WL 7675822, 2008 NY Misc LEXIS 6367, *25 [2008] [citations omitted].)
Janice R. appealed and the Appellate Division reversed on the law and dismissed the proceeding in accordance with the precedent set by Alison D.
On appeal, the Court of Appeals in Debra H. v Janice R. declined to overturn Alison D. holding that “any change in the meaning of parent under our law should come by way of legislative enactment rather than judicial revamping of precedent” (14 NY3d at 596 [internal quotation marks omitted]). The Court reaffirmed its holdings stating that Shondel J. is consistent with Alison D.’s core holding that parentage under New York law derives from biology or adoption.[2] Moreover, the Court held that there is “no inconsistency in applying equitable estoppel to determine filiation for purposes of support, but not to create standing when visitation and custody are sought” (id. at 593). *224 Ultimately Debra H. prevailed in her application, but only as the Court applied the principle of comity and recognized the civil union entered into in Vermont.
Analysis
Respondent’s argument is simple: petitioner is neither the biological nor adoptive parent of the child and therefore is precluded by statute and case law from maintaining this custody/visitation proceeding. If the facts present here were the same as in the cases cited by respondent, the court would agree. Of course, the Family Court is mandated to apply the rulings of the Court of Appeals.
However, respondent omits critical facts from her argument and it is these facts that defeat her argument. Respondent, in her own child support petition, alleged that she and the petitioner herein have “a child in common.” Further she requested and received an estoppel hearing. At that hearing respondent testified, among other things, that petitioner not only performed as a parent, she was in fact a parent. The court relying on this testimony issued an order adjudicating petitioner to be a parent and referred the matter to a support magistrate for the entry of an appropriate child support order. Now, in a complete reversal, and in an effort to preclude petitioner from having her day in court, respondent claims that petitioner has no standing to bring a custody/visitation proceeding because petitioner is not a parent. Colloquially, this is known as “having your cake and eating it too.” Judicially, it is referred to as “inconsistent positions” which this court will not countenance.
The doctrine against inconsistent positions, or judicial estoppel, precludes a party from assuming a position in a court proceeding contrary to one previously taken simply because his or her interests have changed (Matter of Mukuralinda v Kingombe, 100 AD3d 1431 [4th Dept 2012]). In that case, the Appellate Division applied judicial estoppel in a family court custody matter where the mother testified in one proceeding that she and the petitioner in that case were married and that he was the father of her children and then assumed a contrary position in a later proceeding.
Here, respondent asserts in one proceeding that petitioner is a parent in order to secure a child support award. In the later custody proceeding she adopts a wholly contradictory position in an attempt to preclude the person from exercising any right or control with respect to that child. Having petitioned this court to recognize the petitioner herein as a parent, having *225 testified that petitioner is in fact a parent and having prevailed in that matter, the respondent is judicially estopped in this custody/visitation proceeding from asserting that petitioner is not a parent.
The Court in Debra H. stated that both Alison D. and Shondel J. remain good law with the explanation that it sees no inconsistency in applying equitable estoppel to determine filiation for purposes of support, but not to create standing where visitation and custody are sought. However, in those cases the issue before the Court was either custody or support, and the Court did not address the situation before this court where one party has asserted inconsistent positions. In rendering its decision, the court has not considered the nature of the relationship petitioner may or may not have had with the respondent and the child and as such is not making a finding that petitioner has standing based upon equitable estoppel. Such a finding would be precluded by the law in New York. Here the court is making a finding that respondent is judicially estopped from asserting that petitioner is not a parent based upon her sworn petition and testimony in a prior court proceeding where she took a different position because her interest in that case was different.
In abiding the reasoning of the Alison D. and Debra H. Courts, this court considers the important liberty interest of the biological parent to exercise control over who associates with his or her child. This biological parent deliberately sought to involve her former partner in her child’s life at least until her financial majority.
Conclusion
Considering all of the pertinent facts and legal arguments, it is ordered that the motion to dismiss the petition for custody dated January 30, 2013 is denied.

. In Shondel, the Court of Appeals ruled that a respondent who represented himself as the father of a child born out of wedlock was equitably estopped from denying paternity even though a genetic marker test later confirmed he was not the child’s biological father, and was required to pay child support, since the child justifiably relied on respondent’s representation of paternity by forming a bond with him, to the child’s detriment.

. The Court noted that its citing of Jean Maby H. in Shondel J. recognized equitable estoppel “as a defense in various proceedings involving challenges to paternity, including cases where there is evidence that the person seeking to avoid estoppel is not a biological parent” (Jean Maby H. at 285 [citations omitted]).