In the Matter of MARQUIS B., Appellant, v ALEXIS H. et al., Respondents. [973 NYS2d 264]—

In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Eisman, J.), dated April 3, 2012, which, after a hearing, granted the motion of the attorney for the child to dismiss the proceeding on the ground that the petitioner lacked standing to commence the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

This Court previously affirmed a determination that the appellant is equitably estopped from asserting that he is the biological father of the child (*see Matter of Rason S.B. v Alexis H.*, 101 AD3d 710, 711 [2012]; *Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1 [2010]; *Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]). Contrary to the appellant's contention, the determination that he was equitably estopped from claiming paternity has res judicata effect in the instant case and precludes him from claiming that he is a parent of the child (*see Matter of Weaver v Durfey*, 93 AD3d 1185 [2012]; *Matter of Michael H. v Carole S.D.*, 198 AD2d 414 [1993]).

A nonparent may have standing to seek custody in the event "extraordinary circumstances" warrant it (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 545 [1976]). Such extraordinary circumstances include " 'surrender, abandonment, persisting neglect, [or] unfitness' " by the parents (*Matter of Dickson v Lascaris*, 53 NY2d 204, 208 [1981], quoting *Matter of Bennett v Jeffreys*, 40 NY2d at 544; *see Matter of Herrera v Vallejo*, 107 AD3d 714 [2013]; *Matter of Commissioner of Social Servs. of City of N.Y. [Sarah P.]*, 216 AD2d 387 [1995]). Here, there are no allegations that the legal parents of the child surrendered, abandoned, or

neglected the child, or were unfit, and there are no allegations of any other extraordinary circumstances.

Accordingly, the motion to dismiss the proceeding for lack of standing was properly granted. Skelos, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.