[2013]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032, 1033 [2010]; *Matter of Jada Ta-Toneyia L.*, 66 AD3d 901, 902 [2009]). These efforts included facilitating visitation, referring her to individual and domestic violence counseling services, providing a Russian interpreter, and providing her with shelter (*see Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729, 730 [2012]; *Matter of Elijah P. [C.I.P.]*, 76 AD3d 631, 632 [2010]; *Matter of Jada Ta-Toneyia L.*, 66 AD3d at 902; *Matter of Sorin P.*, 58 AD3d 743, 744 [2009]; *Matter of Danielle Joy K.*, 60 AD3d 948, 949 [2009]). The evidence at the hearing showed that for a period of one year following the child's placement with the agency, the mother failed to establish a separate residence and complete domestic violence and other counseling. She thereby failed to plan for the child's future by taking steps to correct the problems that had caused the child's removal and were preventing the child from being returned to her care (*see Matter of Mahaadai D.H. [Rhonda L.H.]*, 110 AD3d at 880; *Matter of Victoria C. [Cassandra C.]*, 106 AD3d at 1084-1085; *Matter of Jada Ta-Toneyia L.*, 66 AD3d at 902; *Matter of Michelle Rennee H.*, 48 AD3d 684, 684-685 [2008]; *Matter of Jennifer R.*, 29 AD3d 1005, 1006-1007 [2006]). The mother's consistent visitation with the subject child did not preclude a finding of permanent neglect in light of her failure to gain insight into the behavior that caused the child's removal and plan for the child's future (*see Matter of Jaileen X.M. [Annette M.]*, 111 AD3d 502, 503 [2013]; *Matter of Jennifer R.*, 29 AD3d at 1006-1007; *Matter of Justina Rose D.*, 28 AD3d 659, 660 [2006]).

In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Rockland County (Richardson-Mendelson, R.), dated September 24, 2013, as, in

effect, granted that branch of the respondent's motion which was to dismiss the petition for lack of standing.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent.

" '[A]s between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances' " (*Matter of Roberta W. v Carlton McK.*, 112 AD3d 729, 730 [2013], quoting *Matter of Rudy v Mazzetti*, 5 AD3d 777, 777-778 [2004]; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 546 [1976]). Here, the appellant, who is neither an adoptive parent nor a biological parent of the subject children, failed to sufficiently allege any extraordinary circumstances to establish her standing to seek custody (*see Matter of Marquis B. v Alexis H.*, 110 AD3d 790 [2013]; *Matter of Behrens v Rimland*, 32 AD3d 929 [2006]), and she cannot rely on the doctrine of equitable estoppel to establish her status as a de facto parent (*see Debra H. v Janice R.*, 14 NY3d 576, 596 [2010]; *Matter of Alison D. v Virginia M.*, 77 NY2d 651, 656 [1991]; *Matter of Behrens v Rimland*, 32 AD3d at 930). Further, contrary to the contention of the attorney for the children, the doctrine of judicial estoppel is not applicable inasmuch as the respondent did not obtain a favorable judgment as a result of a contrary position in a prior proceeding (*see Matter of One Beacon Ins. Co. v Espinoza*, 37 AD3d 607, 608 [2007]; *cf. Estrellita A. v Jennifer D.*, 40 Misc 3d 219 [2013]).

The appellant's remaining contentions either are without merit or not properly before this Court.

Accordingly, the Family Court properly, in effect, granted that branch of the respondent's motion which was to dismiss the petition for lack of standing. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.