Matter of A. F. v K. H. (2014 NY Slip Op 06582)
Matter of A. F. v K. H.
2014 NY Slip Op 06582
Decided on October 1, 2014
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and subject to revision before publication in the Official Reports.
Decided on October 1, 2014SUPREME COURT OF THE STATE OF NEW YORKAppellate Division, Second Judicial Department
MARK C. DILLON, J.P.
THOMAS A. DICKERSON
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2013-09947
 (Docket Nos. V-00918-13, V-00919-13, V-00920-13, V-00921-13)

[*1]In the Matter of A. F. (Anonymous), appellant,
v
K. H. (Anonymous), respondent.
A. F., Piermont, N.Y., appellant pro se.
Rosenthal & Markowitz, LLP, Elmsford, N.Y. (Adrienne J. Orbach of counsel), for respondent.
Shiza Khan, New City, N.Y., attorney for the children.
DECISION & ORDER
In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Rockland County (Richardson-Mendelson, R.), dated September 24, 2013, as, in effect, granted that branch of the respondent's motion which was to dismiss the petition for lack of standing.
ORDERED that the order is affirmed insofar as appealed from, with costs to the respondent.
" [A]s between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances'" (Matter of Roberta W. v Carlton McK., 112 AD3d 729, 730, quoting Matter of Rudy v Mazzetti, 5 AD3d 777, 777-778; see Matter of Bennett v Jeffreys, 40 NY2d 543, 546). Here, the appellant, who is neither an adoptive parent nor a biological parent of the subject children, failed to sufficiently allege any extraordinary circumstances to establish her standing to seek custody (see Matter of Marquis B. v Alexis H., 110 AD3d 790; Matter of Behrens v Rimland, 32 AD3d 929), and she cannot rely on the doctrine of equitable estoppel to establish her status as a de facto parent (see Debra H. v Janice R., 14 NY3d 576, 596; Matter of Alison D. v Virginia M., 77 NY2d 651, 656; Matter of Behrens v Rimland, 32 AD3d at 930). Further, contrary to the contention of the attorney for the children, the doctrine of judicial estoppel is not applicable inasmuch as the respondent did not obtain a favorable judgment as a result of a contrary position in a prior proceeding (see Matter of One Beacon Ins. Co. v Espinoza, 37 AD3d 607, 608; cf. Estrellita A. v Jennifer D., 40 Misc 3d 219).
The appellant's remaining contentions either are without merit or not properly before this Court.
Accordingly, the Family Court properly, in effect, granted that branch of the respondent's motion which was to dismiss the petition for lack of standing.
DILLON, J.P., DICKERSON, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court