▮ In the Matter of Jann Paczkowski, Appellant, v Jamie Paczkowski, Respondent. [10 NYS3d 270]—

Appeals from (1) a decision of the Family Court, Nassau County (Edmund M. Dane, J.), dated June 30, 2014, and (2) an order of that court, dated July 1, 2014. The order dismissed the petition for joint custody of the subject child.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed without costs or disbursements.

The Family Court properly dismissed the petition for lack of standing. A nonparent may have standing to seek to displace a parent's right to custody and control of his or her child, but only upon a showing that "the parent has relinquished that

right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (*Matter of Bailey v Carr*, 125 AD3d 853, 853 [2015]; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Diana B. v Lorry B.*, 111 AD3d 927 [2013]). Here, the petitioner, who is neither an adoptive parent nor a biological parent of the subject child, failed to allege the existence of extraordinary circumstances that would establish her standing to seek custody (*see Matter of A.F. v K.H.*, 121 AD3d 683, 684 [2014]; *Matter of Behrens v Rimland*, 32 AD3d 929, 931 [2006]; *Matter of Marquis B. v Alexis H.*, 110 AD3d 790, 790-791 [2013]). Contrary to the petitioner's contention, Family Court Act § 417 and Domestic Relations Law § 24 do not provide her with standing as a parent, since the presumption of legitimacy they create is one of a biological relationship, not of legal status (*see* Family Ct Act § 418 [a]; *Debra H. v Janice R.*, 14 NY3d 576, 593 [2010]; *Matter of Findlay*, 253 NY 1, 7 [1930]; *Matter of Marilene S. v David H.*, 63 AD3d 949, 950 [2009]), and, as the nongestational spouse in a same-sex marriage, there is no possibility that she is the child's biological parent (*see Matter of Q.M. v B.C.*, 46 Misc 3d 594, 599 [2014]; *Wendy G-M. v Erin G-M.*, 45 Misc 3d 574, 578 [2014]).

The petitioner's remaining contentions are either not properly before us, based on matter dehors the record, or without merit. Eng, P.J., Hall, Cohen and Barros, JJ., concur.