Mihigo v Mihigo (2024 NY Slip Op 01397)

Mihigo v Mihigo

2024 NY Slip Op 01397

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, AND KEANE, JJ.

67 CA 22-02003

[*1]CHARLOTTE MIHIGO, PLAINTIFF-RESPONDENT,
v
CYPRIEN C. MIHIGO, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

ALDERMAN AND ALDERMAN, PLLC, SYRACUSE (RICHARD B. ALDERMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from a judgment of the Supreme Court, Onondaga County (Martha E. Mulroy, A.J.), entered December 13, 2022, in a divorce action. The judgment, inter alia, granted plaintiff a divorce. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from a judgment of divorce, defendant contends that plaintiff failed to meet her burden of establishing that the parties were married in Africa in 1994. We reject that contention. "[T]he well-settled marriage recognition rule 'recognizes as valid a marriage considered valid in the place where celebrated' " (Lewis v New York State Dept. of Civ. Serv., 60 AD3d 216, 219 [3d Dept 2009], affd 13 NY3d 358 [2009]; see Jayaram v Jayaram, 205 AD3d 612, 612-613 [1st Dept 2022]; Martinez v County of Monroe, 50 AD3d 189, 191 [4th Dept 2008], lv dismissed 10 NY3d 856 [2008]). Here, the parties testified that they met in 1987 or 1988 in what is now known as the Democratic Republic of the Congo and began living together as husband and wife and had children together shortly thereafter. In August 1994, in preparing to travel to a refugee camp to seek asylum, they obtained a document to show that they were married. Supreme Court found that the parties were married in 1994, and we afford that determination deference inasmuch as the court was " 'in the best position to evaluate the character and credibility of the witnesses' " (Wideman v Wideman, 38 AD3d 1318, 1319 [4th Dept 2007]; see Korpolinski v Korpolinski, 195 AD3d 1427, 1427 [4th Dept 2021]). The parties' testimony showed that they were considered married in their culture in Africa (see generally Matter of Mott v Duncan Petroleum Trans., 51 NY2d 289, 292-293 [1980]; Matter of Mukuralinda v Kingombe, 100 AD3d 1431, 1431-1432 [4th Dept 2012]).
In light of our determination, defendant's remaining contentions are academic.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court