■ In the Matter of CATHERINE AUSTIN et al., Respondents, v SUSAN HERBERT, Appellant, et al., Respondents. (And Another Related Proceeding.) [802 NYS2d 553]—

Mugglin, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered December 19, 2003, which granted petitioners' application, in two proceedings pursuant to Family Ct Act article 6, for permanent custody of respondent Susan Herbert's children.

In this contested custody case, petitioners, the paternal aunt and uncle, sought permanent custody of two boys (born in 1995 and 1996). Their biological father appeared at the hearing, but he neither contested the petition nor testified. Respondent Susan Herbert, the biological mother (hereinafter respondent), opposed the petition. After hearing the parties and others, Family Court found that the requisite extraordinary circumstances in parent versus nonparent custody contests were present (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *Matter of*

*Scala v Parker*, 304 AD2d 858, 859 [2003]) and, therefore, reached the issue of the children's best interests (*see Matter of Scala v Parker, supra* at 859) and awarded permanent custody to petitioners.

On this appeal, respondent does not challenge Family Court's finding of extraordinary circumstances. Indeed, such a challenge would prove fruitless in view of the fact that from the children's respective births until June 1999 when they were placed in the physical custody of petitioners, respondent had voluntarily left the children with her parents in New Mexico, considered options, including but rejecting adoption, with Catholic Charities in Louisiana, consented to temporary custody in her brother and his wife in Pennsylvania and surrendered the children, on a temporary basis, to a social services agency in that state. Eventually (in June 1999), by agreement so ordered by the Court of Common Pleas in Pennsylvania, respondent consented to legal custody with her brother and his wife and physical custody with petitioners. In short, partially due to physical and emotional abuse by the children's father and partially due to her substance and alcohol abuse, respondent has only had sporadic custody of these children for time periods totaling only several months. Respondent does make four arguments, the first of which is that Family Court ignored that portion of the agreement, so ordered by the Court of Common Pleas in Pennsylvania, that obligated the parties to work toward reunification of mother and children, a factor, she argues, emphasized by the Court in *Matter of Bennett v Jeffreys (supra)*. Respondent completely overlooks, however, those portions of the agreement which required, as a condition of reunification, that she obtain a custodial evaluation, an expert opinion that she is drug free, that she maintain a stable home, that she be employed or in an educational program and that she demonstrate appropriate parenting abilities, all of which she failed to do. Moreover, such an agreement is simply one factor relevant to the ultimate custody determination of Family Court (*see Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409 [2003]; *Matter of Auffhammer v Auffhammer*, 101 AD2d 929, 929-930 [1984]).

Next, respondent faults Family Court for placing too much emphasis on the testimony of the children's psychologist. We find no support for this assertion in the record. Respondent faults the witness's inability to make a custody recommendation. He appropriately refused to do so since he had never met with respondent. He was called only to testify as to his treatment of the children and his observations of their problems upon return from visitation with respondent.

Third, respondent argues that Family Court mischaracterized her separation from her children as voluntary when it was necessary to escape the abuse of her husband. Suffice it to say that, while this may have been true for short periods of time, it neither justifies the extended periods of separation that occurred nor does it explain her voluntarily inviting her former husband to move to Philadelphia with her, where, predictably, the abuse continued.

Lastly, we find no merit to respondent's argument that she should not be penalized by reason of her children bonding with petitioners because petitioners were responsible for some of the delay in bringing the case to trial by moving to transfer jurisdiction from Pennsylvania to New York. The degree of bonding is simply one factor among the totality of the circumstances considered by Family Court (see Matter of Bruce BB. v Debra CC., supra at 409). Here, Family Court assessed and weighed many factors in reaching its reasoned determination that the best interests of the children require continued custody with petitioners.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.