■ In the Matter of CHRIS PALMATIER, Appellant, v JOETTE DANE, Respondent, et al., Respondents. [948 NYS2d 181]—

Kavanagh, J.

Respondent Karolyn Barker and respondent Steven Allen are the parents of a child born in 2008. Petitioner, who previously lived with Barker and the child and describes himself as the child's nonbiological father, then petitioned for visitation. Family Court dismissed the petition for failure to state a cause of ac-

tion. Family Court then granted joint custody of the child to Barker and respondent Joette Dane, the child's maternal grandmother, and granted visitation to Allen. Petitioner now appeals.

Although petitioner acknowledges his lack of a biological relationship to the child, he argues that because he had a longstanding relationship with the child and was previously granted joint custody and visitation, the doctrine of equitable estoppel requires Family Court to consider the child's best interests in ruling on his visitation petition. However, the Court of Appeals has recently reiterated that a nonbiological, nonadoptive parent does not have standing to seek visitation when a biological parent who is fit opposes it, and that equitable estoppel does not apply in such situations even where the nonparent has enjoyed a close relationship with the child and exercised some control over the child with the parent's consent (*see Debra H. v Janice R.*, 14 NY3d 576, 589-597 [2010], *cert denied* 562 US —, 131 S Ct 908 [2011]; *Matter of Alison D. v Virginia M.*, 77 NY2d 651, 656-657 [1991]; *Matter of Hayley PP. [Christal PP.—Cindy QQ.]*, 77 AD3d 1133, 1135 [2010], *lvs denied* 15 NY3d 716 [2010]). Accordingly, the petition was properly dismissed.

Peters, P.J., Spain, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.