# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**903**

**CAF 12-01205**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF RICHARD W. WHITE, JR.,
PETITIONER-APPELLANT,

V                                                   MEMORANDUM AND ORDER

AMANDA WILCOX, RESPONDENT-RESPONDENT.
------------------------------------------------
TERESA M. PARÉ, ESQ., ATTORNEY FOR THE CHILD,
APPELLANT.
(APPEAL NO. 1.)

---

TERESA M. PARÉ, ATTORNEY FOR THE CHILD, CANANDAIGUA, APPELLANT PRO SE.

SHIRLEY A. GORMAN, BROCKPORT, FOR PETITIONER-APPELLANT.

MARYBETH D. BARNET, CANANDAIGUA, FOR RESPONDENT-RESPONDENT.

---

Appeals from an amended order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered June 11, 2012 in a proceeding pursuant to Family Court Act article 5. The amended order dismissed the paternity petition.

It is hereby ORDERED that said appeals from the amended order insofar as it sua sponte granted relief are unanimously dismissed and the amended order is affirmed without costs.

Memorandum: The petitioner in appeal No. 1 appeals from an amended order that, inter alia, granted the motion of the respondent in appeal No. 1, i.e., the mother of the subject child, to dismiss the petitioner's paternity petition with respect to the child. The Attorney for the Child (AFC) appeals separately from that amended order, in which Family Court also sua sponte granted other relief. Appeal Nos. 2 and 3 are from two further orders in which the court also sua sponte granted relief. We note at the outset that appeal Nos. 2 and 3, as well as those parts of the appeals from the amended order in appeal No. 1 in which the court sua sponte granted relief, must be dismissed. It is well settled that " '[n]o appeal lies as of right from an order [that] does not decide a motion made on notice,' " and the appellants have not sought leave to appeal (*Matter of Mary L.R. v Vernon B.*, 48 AD3d 1088, 1088, *lv denied* 10 NY3d 710; *see Sholes v Meagher*, 100 NY2d 333, 335; *Mohler v Nardone*, 53 AD3d 600, 600).

With respect to that part of appeal No. 1 that is properly before

us, petitioner and the AFC contend that the court was required to apply the doctrine of equitable estoppel to bar the mother from denying that petitioner is the father of the subject child.  We reject that contention.  "[T]he Court of Appeals has recently reiterated that a nonbiological, nonadoptive parent does not have standing to seek visitation when a biological parent who is fit opposes it, and that equitable estoppel does not apply in such situations even where the nonparent has enjoyed a close relationship with the child and exercised some control over the child with the parent's consent" (*Matter of Palmatier v Dane*, 97 AD3d 864, 865; *see Debra H. v Janice R.*, 14 NY3d 576, 589-597, *rearg denied* 15 NY3d 767, *cert denied* ___ US ___, 131 S Ct 908; *Matter of Alison D. v Virginia M.*, 77 NY2d 651, 656-657).  It is well settled "that parentage under New York law derives from biology or adoption" (*Debra H.*, 14 NY3d at 593), and that "*Alison D.*, in conjunction with second-parent adoption, creates a bright-line rule that promotes certainty in [custody situations] otherwise fraught with the risk of 'disruptive . . . battles' . . . over parentage as a prelude to further potential combat over custody and visitation" (*id.* at 593-594).  As the Court of Appeals has stated, "any change in the meaning of 'parent' under our law should come by way of legislative enactment rather than judicial revamping of precedent" (*id.* at 596).

The remaining contentions of the AFC in appeal No. 1, insofar as they are properly before us, are without merit.

Entered:  September 27, 2013                        Frances E. Cafarell
                                                   Clerk of the Court