# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**416**

**CAF 14-01034**

PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF BROOKE S. BARONE,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ELIZABETH A. CHAPMAN-CLELAND,
RESPONDENT-RESPONDENT.
-----------------------------------
R. THOMAS RANKIN, ESQ., ATTORNEY FOR
THE CHILD, APPELLANT.

---

R. THOMAS RANKIN, ATTORNEY FOR THE CHILD, JAMESTOWN, APPELLANT PRO SE.

BROOKE S. BARONE, PETITIONER-RESPONDENT PRO SE.

SHERRY A. BJORK, FREWSBURG, FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of Family Court, Chautauqua County (Judith S. Claire, J.), entered January 24, 2014 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition for custody and visitation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to Family Court Act article 6, seeking custody and visitation with the son of respondent, her former same-sex partner. The Attorney for the Child (AFC) appeals from an order dismissing the petition on the ground that petitioner was not married to respondent and did not adopt the child, and thus lacked standing to seek custody of, or visitation with, him. We affirm.

The AFC contends that, because the best interests of the child are paramount in custody and visitation disputes, "the standing accorded to parents should extend to those who have a recognized and operative parent-child relationship, regardless of their sexual orientation." The AFC further contends that the doctrine of equitable estoppel should apply to bar respondent from denying that petitioner is a parent of the subject child, and thus we should conclude that petitioner has standing to seek custody and visitation. Those contentions are without merit. "[T]he Court of Appeals has recently reiterated that a nonbiological, nonadoptive parent does not have standing to seek visitation when a biological parent who is fit

opposes it, and that equitable estoppel does not apply in such situations even where the nonparent has enjoyed a close relationship with the child and exercised some control over the child with the parent's consent" (*Matter of Palmatier v Dane*, 97 AD3d 864, 865; *see Debra H. v Janice R.*, 14 NY3d 576, 589-597, *rearg denied* 15 NY3d 767, *cert denied* ___ US ___, 131 S Ct 908; *Matter of White v Wilcox*, 109 AD3d 1145, 1146, *lv dismissed in part and denied in part* 22 NY3d 1085, 1086).  It is well settled "that parentage under New York law derives from biology or adoption" (*Debra H.*, 14 NY3d at 593), and that the decision of the Court of Appeals in *Matter of Alison D. v Virginia M.* (77 NY2d 651, 656-657), "in conjunction with second-parent adoption, creates a bright-line rule that promotes certainty in the wake of domestic breakups otherwise fraught with the risk of 'disruptive . . . battles' . . . over parentage as a prelude to further potential combat over custody and visitation" (*Debra H.*, 14 NY3d at 593-594).  We reiterate that, as the Court of Appeals unequivocally stated, "any change in the meaning of 'parent' under our law should come by way of legislative enactment rather than judicial revamping of precedent" (*id*. at 596).  Finally, we note that petitioner "failed to sufficiently allege any extraordinary circumstances to establish her standing to seek custody" as a nonbiological, nonadoptive parent (*Matter of A.F. v K.H.*, 121 AD3d 683, 684).

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court