Matter of Dakota G. v Chanda H. (2020 NY Slip Op 00010)





Matter of Dakota G. v Chanda H.


2020 NY Slip Op 00010


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

526775

[*1]In the Matter of Dakota G., Respondent,
v
Chanda H., Appellant. (Proceeding No. 1.)
 In the Matter of Shirley I., Respondent,
v
Chanda H., Appellant. (Proceeding No. 2.)

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Monica V. Carrascoso, Cooperstown, for appellant.
Alena E. Van Tull, Binghamton, for Dakota G., respondent.
Christopher Hammond, Cooperstown, for Shirley I., respondent.
Charles Anderson, Elmira, for Florencio J., respondent.
Lisa K. Miller, McGraw, attorney for the child.



Clark, J.
Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered March 23, 2018, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the subject children.
Dakota G. (hereinafter the mother) and respondent Florencio J. (hereinafter the father) are the parents of a child (born in 2016). In early 2016, several weeks after the child's birth, the mother and the child moved in with respondent Chanda H. (hereinafter the neighbor) — a woman whom the mother had only briefly met on one prior occasion. At that time, the father's paternity had not yet been established, and, as a result of the mother's frequent and lengthy absences from the home, the neighbor — to her credit — became the child's de facto primary caregiver.
In March 2016, not long after the mother and the child came to live with her, the neighbor filed a petition for custody of the child, in which she disingenuously claimed that the biological father was "unknown." Around that same time, the father filed petitions seeking to establish his paternity and to obtain custody, both of which were ultimately joined with the neighbor's petition. However, based upon the father's failure to appear at several scheduled appearances, his petitions were subsequently dismissed. The mother, whose location was unknown, similarly failed to appear in Family Court, despite repeated and numerous efforts to serve her with the petitions. In June 2016, with paternity not having been established and the mother's whereabouts unknown, Family Court issued an order on default granting legal and physical custody of the child to the neighbor and supervised visitation to the mother.
In November 2016, the mother filed a petition seeking visitation with the child (proceeding No. 1).[FN1] Roughly two months later, after the father's paternity had been established, the child's paternal aunt — petitioner Shirley I. (hereinafter the aunt) — filed for custody (proceeding No. 2). Following a lengthy fact-finding hearing, Family Court found that extraordinary circumstances existed to overcome the mother's and father's superior rights to custody of the child and that an award of custody to the aunt was in the child's best interests. Consequently, Family Court, among other things, granted legal and physical custody of the child to the aunt [FN2] and directed that any contact between the child and the neighbor "shall be as the parties may agree, the court having no authority to direct otherwise." The neighbor appeals.[FN3]
We reject the neighbor's contention that Family Court was required to engage in a change in circumstances analysis before modifying the custody provisions of the June 2016 default order. Given that the June 2016 default order was issued without any finding of or admission to the presence of extraordinary circumstances, Family Court properly concluded that it was required to make a threshold determination of whether extraordinary circumstances existed to warrant placement of the child with one of the nonparents (aunt or neighbor) rather than one of her parents (see Matter of Elizabeth SS. v Gracealee SS., 135 AD3d 995, 996 [2016]; Matter of McBride v Springsteen-El, 106 AD3d 1402, 1403 [2013]; Matter of Ramos v Ramos, 75 AD3d 1008, 1009 [2010]).[FN4] The neighbor also argues that Family Court should have affirmatively granted her visitation with the child. However, she lacks standing to request visitation (see Matter of Melody J.M.M. [Craig M.], 147 AD3d 953, 953 [2017]; Matter of Palmatier v Dane, 97 AD3d 864, 865 [2012]). Thus, Family Court properly stated that any contact between the child and the neighbor "shall be as the parties may agree, the court having no authority to direct otherwise."
To the extent that we have not specifically addressed any of the neighbor's arguments, they have been reviewed and found to be lacking in merit.
Garry, P.J., Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father also filed a petition in which he sought custody and visitation, but that petition was subsequently dismissed without prejudice for his failure to appear.

Footnote 2: The parents advocated at trial and on appeal for the aunt to have custody of the child.

Footnote 3: On appeal, the attorney for the child argues in favor of the aunt having custody of the child.

Footnote 4: The neighbor does not contest Family Court's finding that extraordinary circumstances were present here or that the child's best interests were served by granting custody to the aunt.