Matter of Holly F. v Daniel G. (2021 NY Slip Op 02575)





Matter of Holly F. v Daniel G.


2021 NY Slip Op 02575


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

530547
[*1]In the Matter of Holly F., Appellant,
v
Daniel G., Respondent. (Proceeding No. 1.)
In the Matter of Daniel G., Petitioner,
v
Holly F., Appellant. (Proceeding No. 2.)

Calendar Date:March 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Adam H. Van Buskirk, Auburn, for appellant.
Pamela B. Bleiwas, Ithaca, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered September 19, 2019, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Pursuant to a 2017 order, Holly F. (hereinafter the mother) and Daniel G. (hereinafter the father) had joint legal custody of a child (born in 2009), with the mother having primary physical custody and the father having parenting time. In 2018, the mother commenced the first of these proceedings seeking permission to relocate with the child to West Virginia where her husband lived. The father opposed and cross-petitioned for primary physical custody of the child. Following fact-finding and Lincoln hearings, which were held over the course of 3½ months, Family Court, among other things, denied the mother's relocation request and granted the father primary physical custody of the child. The mother appeals. We affirm.
A change in circumstances exists based upon the mother's proposed relocation of the child and, therefore, the issue distills to whether the mother proved by a preponderance of the evidence that such relocation served the best interests of the child (see Matter of Kristen MM. v Christopher LL., 182 AD3d 658, 659 [2020]; Matter of Tanya B. v Tyree C., 168 AD3d 1154, 1154 [2019]). Family Court's findings and credibility assessments are accorded great deference and will not be disturbed when supported by a sound and substantial basis in the record (see Matter of James TT. v Shermaqiae UU., 184 AD3d 975, 977 [2020]; Matter of Michael BB. v Kristen CC., 173 AD3d 1310, 1311 [2019]).
In denying the proposed relocation, Family Court found that the mother gave little thought to the impact that relocation would have on the child's relationship with the father and that there was no evidence to support the mother's claim of improved financial circumstances in West Virginia. The hearing evidence discloses that the mother worked two days a week at a local veterinary clinic for minimum wage. During the middle of the hearing, the mother moved to West Virginia and left the child with the maternal grandparents. There was no indication that the mother was working in West Virginia, notwithstanding her earlier testimony that she had a job offer there. Indeed, the mother admitted that her husband was paying most of the bills. The mother's husband testified that he operated a crane business but he did not provide concrete testimony about his earnings.
The child, meanwhile, had been attending the same school in New York for three years and was doing well. There was also proof that the father had extended family in New York, who could assist him in taking care of the child, and that, when the mother previously relocated to Florida to pursue a different romantic interest before returning to New York, the father had followed the mother to Florida to maintain his relationship with the child. [*2]Because Family Court's findings are supported by a sound and substantial basis in the record, the determination denying the mother's proposed relocation request will not be disturbed (see Matter of Cook-Lynch v Valk, 126 AD3d 1062, 1064 [2015]; Matter of Julie E. v David E., 124 AD3d 934, 937 [2015]).
Regarding the issue of physical custody, once again, because there was a change in circumstances in view of the mother's proposed relocation, the issue is whether Family Court's determination to give the father primary physical custody was in the best interests of the child (see Matter of LeVar P. v Sherry Q., 181 AD3d 1008, 1009-1010 [2020]).[FN1] The record discloses that the father could financially support himself and the child and he maintained suitable housing. Taking into account that the mother was financially dependent on her husband, as well as her various relocations, the court did not err in awarding the father primary physical custody of the child (see Matter of Smith v McMiller, 149 AD3d 1186, 1188 [2017]; Matter of Basden v Faison, 141 AD3d 910, 911-912 [2016]; Matter of Gentile v Warner, 140 AD3d 1481, 1483 [2016]). Finally, we note that, although not determinative, the court's determination is in accord with the position of the attorney for the child (see Matter of Coleman v Millington, 140 AD3d 1245, 1247 n [2016]).
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although Family Court did not make any express findings as to whether awarding the father primary physical custody of the child furthered the best interests of the child, remittal is unnecessary because "the record is sufficiently developed for us to exercise our authority to make independent findings consistent with the best interests of the child" (Matter of Kathleen K. v Daniel L., 177 AD3d 1130, 1131-1132 [2019]).