Matter of Robert XX. v Susan YY. (2022 NY Slip Op 01210)





Matter of Robert XX. v Susan YY.


2022 NY Slip Op 01210


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

530731
[*1]In the Matter of Robert XX., Appellant,
v
Susan YY., Respondent. (And Another Related Proceeding.)

Calendar Date:January 12, 2022

Before:Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ.

Timothy S. Brennan, Schenectady, for appellant.
Veronica Reed, Schenectady, for respondent.
Alexandra G. Verrigni, Rexford, attorney for the children.



Aarons, J.
Appeal from an order of the Family Court of Montgomery County (Cortese, J.), entered November 18, 2019, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) is the father of two children (born in 2010 and 2011).[FN1] Since the children were toddlers, they were cared for by respondent (hereinafter the former partner). The father and the former partner began a romantic relationship in the summer of 2015. The former partner helped take care of the children and, in December 2015, she and the father were awarded joint legal custody over them. At this time, the former partner became the primary caretaker of the children due to the father's incarceration. In June 2018, an order was entered on consent providing, among other things, that the former partner would have primary physical custody of the children with parenting time to the father. The parties thereafter filed competing petitions seeking to modify the June 2018 order. Following a fact-finding hearing and Lincoln hearings, Family Court awarded sole legal and physical custody of the children to the former partner with parenting time to the father. The father appeals. We affirm.
The father first challenges Family Court's finding of extraordinary circumstances. "[F]actors to be considered in an extraordinary circumstances analysis include the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the parent allowed such custody to continue without trying to assume the primary parental role" (Matter of Battisti v Battisti, 121 AD3d 1196, 1197 [2014] [internal quotation marks, ellipsis and citation omitted]; see Matter of Sharon D. v Dara K., 130 AD3d 1179, 1180 [2015]). The evidence from the hearing establishes that, due to the father's incarceration, the father was separated from the children for a significant period and failed to maintain regular contact with them. The father agreed to share joint legal custody of the children with the former partner (see Matter of Coonradt v Aussicker, 66 AD3d 1143, 1144 [2009]) and, while he was incarcerated, the former partner developed a strong bond with the children and provided structure for them. As such, the court's determination that extraordinary circumstances existed will not be disturbed (see Matter of DellaPiana v DellaPiana, 161 AD3d 1228, 1230 [2018]; Matter of Curless v McLarney, 125 AD3d 1193, 1196-1197 [2015]; Matter of Turner v Maiden, 70 AD3d 1214, 1216-1217 [2010]).
To that end, the inquiry turns to whether Family Court's custody determination serves the best interests of the children (see Matter of Tamika B. v Pamela C., 187 AD3d 1332, 1335 [2020]; Matter of DellaPiana v DellaPiana, 161 AD3d at 1231). The record reveals that, in addition to the developed bond between the former partner and the children, the former partner more [*2]than ably cared for the children for a substantial period and that she was willing to foster a relationship between the children and the father, as well as maintain a relationship between the children and their mother's family. The former partner provided structure in the children's lives and helped start the process to have the children enrolled in school. Although the father testified as to his relationship with the children and his fitness as a parent, the court did not find him to be credible. The court likewise did not find the father's fiancÉe to be particularly credible. Deferring to the court's assessment of witness credibility (see Matter of Adam E. v Heather F., 151 AD3d 1212, 1213 [2017]) and because its factual findings are supported by a sound and substantial basis in the record, its custody determination will not be disturbed (see Matter of Terry PP. v Domiyon PP., 184 AD3d 914, 916 [2020]; Matter of DellaPiana v DellaPiana, 161 AD3d at 1231; Matter of Carpenter v Puglese, 94 AD3d 1367, 1369 [2012]).[FN2] The father's claim that the court made various erroneous evidentiary rulings has been considered and is without merit.
Lynch, J.P., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The children's mother died in June 2014.

Footnote 2: Of note, although not determinative, Family Court's decision is in accord with the position of the attorney for the child (see Matter of Holly F. v Daniel G., 193 AD3d 1292, 1294 [2021], lvs denied 37 NY3d 904 [2021]).