Matter of Rebecca S. v Ashley T. (2024 NY Slip Op 04426)

Matter of Rebecca S. v Ashley T.

2024 NY Slip Op 04426

Decided on September 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 12, 2024

CV-23-1016
[*1]In the Matter of Rebecca S., Respondent,
v
Ashley T., Appellant, and Dustin U., Respondent.

Calendar Date:August 15, 2024

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Lindsay H. Kaplan, Kingston, for appellant.
Michelle I. Rosien, Philmont, for Rebecca S., respondent.
Kristofer S. Michaud, Plattsburgh, for Dustin U., respondent.
Andrew F. Bailey, Plattsburgh, attorney for the child.

Garry, P.J.
Appeal from an order of the Family Court of Clinton County (Keith M. Bruno, J.), entered May 3, 2023, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Respondent Ashley T. (hereinafter the mother) and respondent Dustin U. (hereinafter the father) are the parents of the subject child (born in 2019). Petitioner (hereinafter the aunt) is the child's paternal aunt. In December 2019, following, among other concerns, certain criminal behavior on the part of the mother and her then-husband, the aunt filed an ex parte application for temporary custody of the child, which was granted. In September 2020, the parties consented to an order awarding the aunt sole custody of the child and providing the parents with supervised visitation, and they later consented to some adjustment of that order in November 2021. In March 2022, the mother filed a pro se petition to modify the November 2021 consent order and regain custody of the child, asserting generally that she had complied with all suggestions of Child Preventative Services. The aunt opposed and cross-petitioned for an order of sole custody supported by a finding of extraordinary circumstances — relief consented to by the father and supported by the attorney for the child. She also requested that the mother's supervised visitation be directed to take place at a visitation center, given the unavailability of supervisors.
The matters proceeded to a fact-finding hearing. At the close of the mother's case-in-chief, Family Court granted a motion by the aunt, joined in by the father, to dismiss the mother's petition for failure to establish a change in circumstances. The court ultimately granted the aunt's cross-petition, concluding that she had established both a change in circumstances and extraordinary circumstances and that the best interests of the child lie in an award of sole custody to her, with supervised visitation to the parents. The mother appeals, exclusively arguing that the aunt failed to establish a change in circumstances between entry of the November 2021 order and the filing of her April 2022 cross-petition, and therefore requesting that the November 2021 order be reinstated.
We affirm, but we begin our analysis by noting the significant and substantial procedural confusion. Although the threshold issue in a custody modification proceeding as between parents is whether a change in circumstances has occurred since entry of the governing order, "where, as here, a parent seeks to regain custody from a nonparent . . . , it is well established that, unless a finding of extraordinary circumstances was made in a prior order, the parent is not required to prove a change in circumstances as a threshold matter" (Matter of Dumond v Ingraham, 129 AD3d 1131, 1132-1133 [3d Dept 2015]; see Matter of Melissa MM. v Melody NN., 169 AD3d 1280, 1281 [3d Dept 2019]; Matter of Christy T. v Diana T., 156 AD3d 1159, 1160 [[*2]3d Dept 2017]). Here, the consent orders had not included any finding of extraordinary circumstances; the aunt specifically requested that finding be made. The mother therefore bore no obligation to demonstrate a change in circumstances (compare Matter of Donald EE. v Heidi FF., 198 AD3d 1118, 1119 [3d Dept 2021]). Nonetheless, the mother has not challenged the dismissal of her petition, and she has therefore abandoned any argument with respect to this issue (see Matter of Joseph L. v Heather K., 214 AD3d 1041, 1042 n 2 [3d Dept 2023]; Matter of Donnie HH. v Ashley II., 174 AD3d 988, 989 n 2 [3d Dept 2019]; Matter of Fiacco v Fiacco, 158 AD3d 1011, 1012 [3d Dept 2018]).
The aunt also did not need to demonstrate a change in circumstances upon her cross-petition. Instead, the aunt bore the burden — with respect to both her cross-petition and in opposing the mother's petition — to demonstrate extraordinary circumstances (see Matter of Autumn B. v Jasmine A., 220 AD3d 1073, 1074 [3d Dept 2023], lv denied 41 NY3d 901 [2024]; Matter of Smith v Anderson, 137 AD3d 1505, 1507 n 4 [3d Dept 2016]; Matter of Rumpff v Schorpp, 133 AD3d 1109, 1110 [3d Dept 2015]; Matter of McBride v Springsteen-El, 106 AD3d 1402, 1403-1404 [3d Dept 2013]). A nonparent seeking to modify an existing order entered on consent does not bear a two-fold burden (see Matter of Dakota G. v Chanda H., 179 AD3d 1167, 1169 [3d Dept 2020]; see e.g. Matter of Linda UU. v Dana VV., 212 AD3d 906, 907-908 [3d Dept 2023], lv denied 39 NY3d 913 [2023]; Matter of Robert XX. v Susan YY., 202 AD3d 1389, 1389-1390 [3d Dept 2022], lv denied 38 NY3d 907 [2022]; Matter of Tiffany W. v James X., 196 AD3d 787, 788 [3d Dept 2021]; Matter of Melissa MM. v Melody NN., 169 AD3d at 1281; Matter of Rush v Roscoe, 99 AD3d 1053, 1054 [3d Dept 2012]).
Upon appeal, the mother does not challenge Family Court's extraordinary circumstances finding or its best interests analysis. The sole mention of extraordinary circumstances or best interests is set forth in the conclusion of the mother's brief, where she asserts that, in her view, the alleged change in circumstances error should have precluded the court from going on to consider those other issues. The aunt, the father and the attorney for the child have each expressly tailored their responsive arguments accordingly. The mother did not file a reply brief, despite the multiple arguments by the other parties regarding her abandonment of these issues. Although Family Court misunderstood the applicable burden, we must find that the mother has abandoned any germane challenge to the aunt's cross-petition (see Matter of Tasha AA. v Tammy DD., 178 AD3d 1306, 1308 n 1 [3d Dept 2019]; Matter of Donald EE. v Cheyenne EE., 177 AD3d 1112, 1115 [3d Dept 2019], lv denied 35 NY3d 903 [2020]; Matter of William O. v Wanda A., 151 AD3d 1189, 1191 n 2 [3d Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Tara AA. v Matthew BB., 139 AD3d 1136, 1137-1138 [3d Dept 2016]; Matter of Youngs [*3]v Olsen, 106 AD3d 1161, 1163 n [3d Dept 2013]; Matter of Austin v Herbert, 22 AD3d 897, 898 [3d Dept 2005], lv denied 6 NY3d 702 [2005]).
Egan Jr., Clark, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.